### KINSEY v. BENNETT.

1. MORTGAGE—CONVEYANCE—CAUSE OF ACTION.—Where a complaint alleges a bond and mortgage by plaintiff to defendant, and afterwards a conveyance of the mortgaged land by plaintiff to defendant in trust to sell the land, settle the mortgage debt, and account for the balance, the mortgage must be held to have been satisfied by the conveyance, and the only inquiry is whether the alleged trust was created.

2. EVIDENCE—TRUST—STATUTE OF FRAUDS.—Upon this inquiry, the deed of conveyance was essential to plaintiff's case, as there was no pretence of any other writing to show the alleged trust, and there being no allegation of fraud in obtaining the deed, evidence not in writing was inadmissible to establish a trust.

3. COMPLAINT—RELIEF—INCONSISTENT CLAIMS.—The rule of law which permits a plaintiff to recover on a legal demand alleged in his complaint, although refused the equitable demand also asserted, does not entitle a plaintiff, who sues to enforce a trust contained in his conveyance to defendant, to the inconsistent relief, even by amendment, of recovering the purchase money of the land so sold.

4. COMPLAINT DISMISSED WITHOUT PREJUDICE to the right to bring another action for the recovery of the purchase money.

Before NORTON, J., Colleton, June, 1891.

This was an action by Lewis Kinsey against Abraham Bennett. The opinion states the case. The Circuit decree was as follows:

The master erred in dismissing the complaint herein; for if only a legal demand was proven, where allegations constituting an equitable action were made, if those allegations included also a legal demand, then judgment should have been given for the legal demand. *Salinas* v. *Ellis*, 26 S. C., 338; *Gleaton* v. *Gibson*, 29 *Id.*, 514.

I am of the opinion, however, that plaintiff established a good equitable demand. He alleges that on 15th March, 1887, he gave defendant a bond and mortgage to cover his indebtedness; that in settling claims against him, defendant charges plaintiff with $93.05 as paid for one claim for which defendant actually paid only $45, which allegations are sufficient, if proven, to show an agency by defendant for plaintiff. In his unobjected to testimony, plaintiff proves defendant's agreement to take up this indebtedness. Plaintiff is entitled to have an accounting. Again, plaintiff alleges that he conveyed the mortgaged premises to defendant at $2,500 in trust, to enable him to sell and pay the mortgage debt and account to plaintiff. Defendant's answer admits the execution of a deed to him by plaintiff for the premises. Plaintiff, nevertheless, attempts to prove the deed, and for this purpose prevails upon the master to require defendant to produce it. This was error. *Cartee* v. *Spence*, 24 S. C., 558. The contents of the deed are immaterial to plaintiff's case; he is seeking to have the $2,500, the consideration for the deed, properly applied. It was competent to prove by parol what this consideration was, how much of it had been paid, and how the balance was to be paid; also, that the defendant was the agent to disburse the fund, or some part of it, and plaintiff is entitled to an account of such disbursement, and of the sums expended by defendant for which he claimed the $1,500 mortgage debt. He is also entitled to have the mortgages delivered up to him and satisfied of record; and it was competent to prove by parol that the defendant refused to render such accountings, to deliver up and satisfy the mortgages of record, and to have the defendant credited in such

accounting with only such amounts as he actually paid for debts against plaintiff, without reference to their face.

It is ordered and adjudged, that the plaintiff's fifteen exceptions be sustained or overruled according to their agreement with the principles announced in the foregoing opinion; that the conclusion of the master, dismissing the complaint, be overruled, the report set aside, and the case remanded for the taking of the account between the parties.

From this decree, defendant appealed.

*Messrs. Howell, Murphy & Farrow,* for appellant.

*Messrs. B. F. Behre* and *C. C. Tracy,* contra.

September 30, 1892, The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The allegations contained in the complaint are substantially as follows: That the plaintiff, on the 15th of March, 1887, executed his bond to the defendant, secured by a mortgage of certain real estate, which bond was conditioned for the payment of the sum of fifteen hundred dollars, in three equal annual instalments, with interest from date; that the object in giving said bond and mortgage was to secure the payment of the indebtedness of plaintiff to the defendant up to that date (the amount of which is not stated), as well as the balance due on a bond and mortgage previously given to one Benjamin Sanders, for the sum of six hundred dollars, "which mortgage has never been satisfied of record nor delivered up to plaintiff, as also the other indebtedness of plaintiff; 4. That on November 29, 1888, plaintiff, at the request of the defendant, executed to him a title deed to said mortgaged premises, for the sum of twenty-five hundred dollars, in trust, to enable him to sell said premises and settle said mortgage debt, purporting to be fifteen hundred dollars, and the interest that might be due thereon, and to account to the plaintiff for the balance;" that defendant has failed and refused to account with plaintiff for his actings and doings in the premises; that defendant, in settling the claims held against plaintiff by other parties, "im-

properly and with intent to defraud plaintiff," charged plaintiff with much more than the amounts which he paid to other parties, specifying one instance in which he paid one Witcofskey only forty-five dollars in settlement of a claim of ninety-three 05-100 dollars, with which last mentioned amount defendant proposes to charge the plaintiff. Whereupon judgment is demanded : 1st. For an accounting. 2d. For the balance which may be found due upon such accounting. 3d. That the land may stand as security for the payment of what may be found due to plaintiff on such accounting. 4th. For general relief. The defendant answered, denying each and every allegation in the complaint, except that plaintiff executed a deed to defendant.

By consent, an order was passed, referring all the issues of fact and law to the master, to be heard and determined by him. The master took the testimony as set out in the "Case," and made his report, in which he held, substantially, that as plaintiff's cause of action was founded entirely upon the allegation of an express trust, of which there was no evidence, the action could not be maintained, and hence, upon the close of the plaintiff's testimony, he granted a motion for dismissal of the complaint. The master, however, adds that giving full weight to all the testimony admitted and excluded, it would only establish the fact that the land was sold for $2,500 and a title deed made, and that defendant had failed to pay the whole of the purchase money.; which, if true, would only afford ground for an action on the law side of the court to recover the balance due, and not for an action, as this is, for an accounting from a trustee. The master also says that he ruled that the deed could not be introduced in evidence against the objection of defendant, as the plaintiff had failed to take the proper steps to compel its production (it being in the hands of the adverse party), either by serving a subpœna *duces tecum* or by a notice to produce it.

To this report the plaintiff filed numerous exceptions, which are set out in the "Case," and the case came before his honor, Judge Norton, who rendered judgment, setting aside the report, and remanded the case to the master, "for the taking of

the account between the parties upon the evidence already in, and such other testimony on that point as either party may introduce, and that he do report, as required by the previous order of reference." From this judgment, defendant appeals upon very numerous grounds, which are set out in the record. But as we do not propose to go over these grounds *seriatim,* but simply to consider and determine what we regard as the controlling questions in the case, it is unnecessary to state these grounds specifically. Indeed, many of them are too general in their character to require any consideration.

The Circuit Judge seems to have based his conclusion upon two grounds, as will appear by his decree set out in the "Case," and which should accompany the report of this case: 1st. Because, even if only a legal demand was established, the plaintiff was entitled to judgment for such demand. 2d. Because, in his opinion, the plaintiff had shown a good equitable demand for an accounting from the defendant for the purchase money of the land. We will consider these grounds in their inverse order. It seems to us that both the pleadings and the testimony on the part of the plaintiff show that there were two separate and distinct transactions between the parties—first, that of the 15th of March, 1887, when the fifteen hundred dollar mortgage was given by the defendant to the plaintiff for the purposes stated in the complaint, and, second, that of the 29th of November, 1888, more than a year afterwards, when the land covered by the said mortgage was conveyed by plaintiff to defendant for the sum of $2,500, "*in trust,*" as is alleged in the complaint, "to enable him to sell said premises, and settle said mortgage debt, purporting to be fifteen hundred dollars, and the interest that might be due thereon, and to account to the plaintiff for the balance," and it is for this alone that the defendant is called upon to account.

In other words, if we adopt plaintiff's own showing in his complaint and in his testimony, he first attempted to provide for the payment of his indebtedness to the defendant and others by giving a mortgage on his land to the defendant; but that arrangement having proved insufficient for the purpose, after .

more than a year's trial, to wit, on the 29th of November, 1888, "plaintiff, at the request of the defendant, executed to him a title deed to said mortgaged premises for the sum of twenty-five hundred dollars, in trust," for the purposes set forth in the fourth paragraph of the complaint; and it is for an accounting under this trust that the action is brought. If, as is alleged in the complaint and admitted in the answer, the mortgaged premises have been conveyed to the defendant, the alleged mortgagee, by the plaintiff, the alleged mortgagor, the mortgage was thereby extinguished, and all that passed between the parties as to the object and purpose of such mortgage becomes wholly irrelevant to the present inquiry, as the rights and obligations of the parties, respectively, are to be ascertained only from the terms of what we have designated as the second transaction, when the mortgaged premises were conveyed to the defendant. So that, as it seems to us, the fundamental inquiry, vital to the plaintiff's claim, as set out in his complaint, was, whether the land was conveyed to the defendant upon the trusts alleged in the complaint.

Upon this question it is perfectly manifest, that no competent evidence was introduced; for, surely, in view of the express provisions of the statute of frauds, it cannot be necessary to cite authority, to show that a trust in relation to land cannot be created or established, except by some writing; and no such writing was produced. The Circuit Judge, in his decree, uses this language: "In his unobjected to testimony plaintiff proves defendant's agreement to take up this indebtedness. Plaintiff is entitled to have an accounting." Exactly to what this remark refers we do not know, as the Circuit Judge does not indicate what part of the testimony he had in his mind when making this remark. If he refers to the plaintiff's testimony as to the arrangement with defendant when the mortgage was given, it is not so clear that, even then, it was not objected to; but, even if it was "unobjected to" then, it cannot, as we have seen, affect the question, because the inquiry is not as to what passed between the parties when the mortgage was given, but whether there was any trust created or declared when the land was conveyed to the defendant,

whereby the previous transaction was practically abrogated. If, however, the judge refers to the testimony of the plaintiff, when asked about what was to be done with the $2,500, the purchase money of the land, he was evidently under a mistake; for it is expressly stated in the "Case," that, when this question was asked, it was not only objected to, but was ruled incompetent, under the statute of frauds, and there can be no doubt of the correctness of such ruling. It seems to us, that the contents of the deed were not only material to the plaintiff's case, but were absolutely essential; for, unless the alleged trust was manifested by some other writing, of which there is no pretence, it could only be shown by the terms of the deed.

The Circuit Judge seems, also, to have been under a misapprehension as to what occurred when the plaintiff attempted to have the deed put in evidence; for, although the defendant had, in his answer, admitted the execution of the deed, the judge says: "Plaintiff, nevertheless, attempts to prove the deed, and for this purpose prevails upon the master to require defendant to produce it." This is evidently a mistake, for the "Case" shows that when the defendant was on the stand, in response to a notice to produce certain other papers, and was asked whether he had said deed in his possession or under his control, the question was objected to, and the master ruled out the question, because that deed was not included in the *duces. tecum*, nor was any notice served upon defendant to produce it. Nevertheless, the witness answered: "Mr. Farrow (defendant's counsel) has it; it was a title." ("Witness hands the paper to the master as an escrow, to be delivered in case the Appellate Court should require it.") But it does not appear that the deed was ever offered in evidence, possibly for the reason that its terms did not show any trust. It will be observed that there is no allegation in the compaint of any fraud in obtaining the deed; the only fraud alleged being in the manner in which the alleged trust was discharged; and, of course, until the trust was established, it would be irrelevant to inquire into the manner in which the *alleged* trust, which had never been established, had been discharged.

It seems to us that the plaintiff wholly failed to establish any

equitable demand against the defendant, and if he has any claim at all against the defendant, it is upon a plain legal demand to recover whatever balance, if any, that there may be due upon the purchase money of the land sold and conveyed to the defendant.

This brings us to the inquiry, whether the first ground upon which the Circuit Judge held that the report of the master should be set aside can be sustained. There can be no doubt that where a plaintiff brings an action on the equity side of the court for the purpose of obtaining some relief which that branch of the court is alone competent to render, and fails to establish his equitable demand, the action will not be dismissed, provided his allegations and proofs are sufficient to show that he is entitled to some *legal* relief. As in the case of *Salinas* v. *Ellis*, 26 S. C., 338, recognized and affirmed in *Gleaton* v. *Gibson*, 29 S. C., 514, where a plaintiff brings his action for foreclosure of a mortgage, given to secure the payment of a note or bond, if for any reason he fails to establish his right to foreclose the mortgage, and yet does establish his right to recover the amount due on the note or bond, while he cannot obtain judgment of foreclosure, yet he may recover an ordinary judgment for the amount due on the note or bond, for the reason that his allegations and proofs are sufficient to entitle him to such judgment. The foundation of the action is the same, the non-payment of a debt; and the fact that he has not been able to show that he is entitled to one mode of enforcing payment, is no reason why he should not be entitled to another mode of enforcing the payment of the same debt.

But those cases are very different from the one now under consideration. Here the plaintiff's cause of action, as stated in his complaint, rests upon an alleged breach of trust, by which it is claimed that the defendant undertook to sell a tract of land conveyed to him for that purpose by the plaintiff, and after applying the proceeds of such sale to the payment of certain debts due by the plaintiff, to account to plaintiff for the balance. How such an action could be converted, even by an amendment (and none was asked for or ordered), into an action on an ordinary money demand to recover the purchase money

of property sold under a promise, either express or implied, it is very difficult to conceive. The two causes of action are not only wholly different in their nature, but are absolutely inconsistent. A promise, either express or implied, to pay the purchase money of property sold and conveyed by the plaintiff to the defendant, is absolutely inconsistent with the idea that the same property was conveyed by the plaintiff to the defendant "in trust, to enable him to sell" the same, and apply the proceeds of such sale in the manner agreed upon. If there was a promise to pay the purchase money, then there could not be such a trust alleged as that, and *vice versa.* We do not think, therefore, that this is one of those cases where a plaintiff having failed to establish the equitable demand upon which alone he bases his action, can be allowed in the same action to set up, even by amendment, another distinct and different, and, in fact, inconsistent, cause of action, but that he must be remitted to another action upon such distinct and different cause of action.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the complaint be dismissed, without prejudice to the right of the plaintiff to bring another action to recover any legal demand he may have upon the defendant.