15742

PARKER PEANUT CO. v. FELDER *ET UX.*

(34 S. E. (2d), 488)

*Messrs. Zeigler & Brailsford,* of Orangeburg, S. C., Counsel for Appellants,

*Messrs. Carroll E. Summers, Adam H. Moss, Reddick A. Bowman* and *James A. Moss,* all of Orangeburg, S. C., Counsel for Respondent.

June 7, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

The Parker Peanut Company brought a suit in equity against M. H. Felder & Company in the nature of a creditor's bill, which was merged and consolidated with a later

càse of the same nature against the same defendant by Bob Clark, trading as Clark Tire Company. Insolvency of the defendant was alleged, and a receivership sought.

Later, Charles R. Allen, on behalf of himself and all other creditors of M. H. Felder & Company, which was a wholesale grocery corporation with its principal office in Orangeburg, instituted an ancillary suit against this defendant and the defendants, M. H. Felder, Grace K. Felder, M. H. Felder Real Estate Company, and M. & H. Grocery Company. This action was brought for the purpose of sweeping aside the corporate veils from the defendants, M. H. Felder & Company, M. H. Felder Real Estate Company, and M. & H. Grocery Company; for injunctive relief, and for the appointment of a receiver of all of the named parties for the benefit of creditors.

The lengthy history of this litigation will be found stated in detail in two previous appeals to this Court: *Parker Peanut Co. v. Felder*, 200 S. C., 203, 20 S. E. (2d), 716, and *Parker Peanut·Co. v. M. H. Felder & Co.*, 196 S. C., 271, 13 S. E. (2d), 143.

The record shows that the individual appellants, M. H. Felder and Grace K. Felder, are husband and wife, and that the three corporations herein named were used by them as blinds behind which to hide themselves for the purpose of defrauding creditors. They were the sole owners, stockholders, and managers of the business carried on by the pseudo corporations.

After a full hearing before a referee, the Circuit Court held in a decree affirmed by this Court, that the defendants were insolvent, and that their affairs should be placed in the hands of a receiver for the benefit of creditors. Following due·advertisement by the receiver, claims were duly filed, and all the assets of the individual appellants and of the three purported corporations, which had been seized

and converted into cash, were disbursed proportionately to the creditors, leaving, however, a substantial balance due.

It was held in the two decisions of this Court above referred to, that the individual appellants, M. H. Felder and Grace K. Felder, were engaged in a scheme or plan to defraud creditors for their own enrichment, and that the various transfers of assets from one name to another, and from one corporation to another, in reality resulted in no change of ownership of the assets so transferred, but that such ownership remained in appellants. It was concretely stated: "In the instant case, we have an association composed of two people doing business under five names, and regardless of what name in which title to property is held by the two individuals, it will at all times remain liable for their debts."

Following the complete liquidation of all assets and the discharge of the receiver, the Circuit Court, on motion of the Parker Peanut Company, granted an order giving a personal judgment against M. H. Felder and Grace K. Felder in behalf of the Parker Peanut Company and all other unsecured creditors for the balance due on their individual claims. The Felders have appealed from these judgments.

The sole question presented by the appeal is whether under the facts of this case a judgment *in rem* can be made the basis of a judgment *in personam*. Essentially, the issue is whether these personal money judgments rendered against M. H. Felder and Grace K. Felder properly come within the scope of the pleadings and proofs in these consolidated equity suits.

These suits brought in chancery were merged and prosecuted as class actions for the benefit of creditors, numbering in all 150. The lower Court held that it had jurisdiction to grant personal judgments against the Felders in favor of the individual creditors for the unpaid balances due them. And this holding was predicated in part upon the theory that this Court had previously adjudicated that the Felders

were personally liable for the debts of these various corporations. We think the Circuit Court misapprehended the specific questions passed upon by this Court in the former appeals.

The prime purpose of the suits as consolidated was the appointment of a receiver, the seizure of all assets of the spurious corporations and of the individual defendants, and their division among the creditors. The object sought was to gain possession of the *res* and to subject this property to the payment of what was deemed the personal obligations of the Felders, but neither the pleadings nor the proof, in our opinion, will warrant the rendition of personal judgments therefor against the Felders.

In the various complaints, the cause of action is single and constitutes a claim for equitable relief, and there is not mixed up with it a cause of action for legal relief. They were brought as class actions, and the only community of interest shared by the creditors was in the common fund which they sought to reach in order to satisfy their claims.

The issue of personal liability, in the sense that a personal money judgment could be rendered in favor of the respective creditors against the Felders, we do not consider was ever before this Court, or was ever adjudicated. In fact, it was stated in *Parker Peanut Co. v. Felder*, 200 S. C., 203, 20 S. E. (2d), 716, 725: "As has already been pointed out in this opinion, the case has remained under reference for the purpose of calling creditors, adjudicating claims, and liquidating the assets of the defendants." And we quote this explicit language from the order of the lower Court:

"It is further ordered, that this case remain under reference before J. A. Merritt, Esq., as special referee, to hear and determine all issues of both law and fact that may arise out of any claim or claims filed against the defendants or any of them and against the assets, or any part thereof, now

in the hands of P. F. Haigler, Receiver, and that he make his report or reports to this court from time to time * * *."

The consolidated actions were *in rem*, and we stated in the report of the last-mentioned appeal: "* * * and regardless of what name in which title to property is held by the two individuals, it will at all times remain liable for their debts."

It is alleged (Paragraph 15 of the Allen complaint):

"That P. F. Haigler, as Receiver for M. H. Felder & Company, should be authorized and directed to take charge of the assets and affairs of M. & H. Grocery Company, M. H. Felder Real Estate Co.; M. H. Felder and Grace K. Felder, preserve the same and liquidate so much thereof as may be necessary to pay the creditors of M. H. Felder & Company."

And the prayer of the complaint in the *Allen case* was for the appointment of a receiver, injunctive relief and for general relief.

It is a generally recognized principle of equity jurisprudence that where court of equity obtains jurisdiction of a controversy on any ground it will, to avoid a multiplicity of suits, administer complete relief by the adjustment of all equities connected with the subject of the suit, which may be authorized by the pleadings and proofs, and may thus establish purely legal rights and grant legal remedies which would otherwise be beyond the scope of its authority.

But the incidental or auxiliary relief granted must be within the limits of the issues made by the pleadings and be of the same general nature. *Holly Hill Lumber Co. v. McCoy,* 203 S. C., 59, 26 S. E. (2d), 175, 148 A. L. R., 285; *Mortgage Loan Co. v. Townsend,* 156 S. C., 203, 152 S. E., 878; *Brockington v. Lynch,* 119 S. C., 273, 112 S. E., 94.

A judgment or decree, whether in law or equity, must conform to both the pleadings and the proofs, and be in accordance with the theory of the action upon which the pleadings are framed and the case was tried. In case the plaintiff proceeds on a definite, clear and certain theory, it will not support or permit of another theory because it contains isolated or subsidiary statements consistent therewith. *Brockington v. Lynch,* 119 S. C., 273, 112 S. E., 94.

The relief granted in this case went beyond the scope of the issues made by the pleadings. The theory upon which the case was tried did not contemplate nor authorize the rendition of personal money judgments.

We are of the opinion that the Court erred in entering personal judgments against M. H. Felder and Grace K. Felder. As before stated, this is a creditor's suit brought to subject the property and assets of the Felders to the payment of the various claims of their creditors. Nowhere in the record do we find any order authorizing the special referee to make any recommendation, as he did, with reference to the granting of personal judgments against the Felders in favor of the creditors. He was concerned only with the verified, itemized claims of the creditors (none of them had judgments), their priorities, and their payment. The creditors should have been relegated to a court of law for any further enforcement of their claims. The decree of the lower Court dated February 26, 1944, awarding personal judgments against the appellants for unpaid balances due the creditors, is reversed.

Judgment reversed.

Mr. Chief Justice Baker and Messrs. Associate Justices Stukes, Taylor and Oxner concur.