21543

Deanna B. GLASS, Appellant, v. Sanford E. GLASS, Respondent.

(281 S. E. (2d) 221)

*J. Donald Scott*, Columbia, *for appellant.*

*Joseph T. McElveen, Jr.* of Bryan, Bahnmuller, King, Goldman & McElveen, Sumter, *for respondent.*

August 6, 1981.

GREGORY, Justice:

This appeal is from an order dismissing the complaint of the appellant wife seeking one-half of the net proceeds received from the sale of the marital home. The home, titled in the name of the respondent husband, was sold while the couple was still married. We reverse and remand.

The complaint alleges the husband breached a contract under which the wife agreed to renounce her dower rights in return for one-half of the net proceeds from the sale of the residence. The complaint further seeks an equitable distribution based upon the material contributions of the wife to the marriage.

In his answer, the husband raised the Statute of Frauds as an affirmative defense to the contract. Although he acknowledged his wife had worked at times during the marriage, he denied the appropriateness of equitable distribution in his answer.

Later, he moved to strike the complaint on the single ground that equitable distribution is unconstitutional.

The trial judge dismissed the complaint, holding both equitable distribution and dower to be unconstitutional. He also found the Statute of Frauds barred the wife's claim. He did not allow evidence on any issue.

The trial judge's order dismissing the complaint ██ must be considered in the nature of sustaining a demurrer. On appeal from an order sustaining a demurrer, this Court's review is limited to the allegations of the complaint, which are assumed to be true. *Ellett Bros. v. Manos,* 269 S. C. 581, 239 S. E. (2d) 75 (1977). A demurrer to a complaint cannot be sustained if facts sufficient to constitute a cause of action are stated or can be fairly gathered from the complaint. *Id.*

The only ground of the motion to dismiss was that █ equitable distribution is unconstitutional.

Appellant contends the trial judge erred in dismissing on this ground. We agree.

In so holding, the trial judge cited *Orr v. Orr,* 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979). In *Orr,* the United States Supreme Court held an Alabama statute permitting an award of alimony only to women to be violative of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

We first recognized the doctrine of equitable distribution in the case of *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1979), which involved a wife seeking equitable distribution. The trial judge completely misread that decision as holding the doctrine to be gender-based, available only to women. Neither *Wilson* nor any subsequent deci-

sion explicitly or even by inference holds that a man would not have the same right.[1]

Appellant next asserts error in dismissing on the ground that dower is unconstitutional.

The husband conceded constitutionality of dower was not an issue before the trial court. A judgment or decree, whether in law or equity, must conform to both the pleadings and the proofs and be in accordance with the theory of action on which the pleadings are framed and the case was tried. *Parker Peanut Co. v. Felder,* 207 S. C. 63, 34 S. E. (2d) 488 (1945). Therefore, the trial judge erred in determining this issue, which was never before him.

Also, not before him on the motion to dismiss was the applicability of the Statute of Frauds. Therefore, the trial judge erred in determining that issue. Even if the husband had raised the Statute of Frauds in his motion to dismiss, the issue should not have been considered. The complaint does not say whether the alleged contract was oral or written. Where a complaint involving a contract that allegedly comes within the Statute of Frauds fails to show whether the contract is oral or written, there is no ground for demurrer. *McMillan v. King,* 193 S. C. 14, 7 S. E. (2d) 521 (1940).

We can find no basis in the record for sustaining a demurrer.

Accordingly, we reverse the order of the trial judge and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.

---

[1] The General Assembly adopted the doctrine of equitable distribution by statute, now codified as Section 14-21-1020, Code of Laws of South Carolina (1980 Cum. Supp.) This code section specifically provides for the settlement of the equitable rights of the parties "if requested by *either* party in the pleadings." (Emphasis added.) However, this act did not become effective until three to four weeks after the trial judge's order was issued in this case.