0128

Joyce Elaine CROCKER, Respondent, v. Barbara CROCKER, Appellant.
(314 S. E. (2d) 343)

Court of Appeals

*W. Allen Reese* and *John B. Duggan,* both of *Edwards, Duggan & Reese,* Greer, *for appellant.*

*Harry C. Walker,* Greenville, *for respondent.*

March 19, 1984.

BELL, Judge:

This is an action to set aside a final decree of adoption. The plaintiff, Joyce Elaine Crocker, is the natural mother of the children in question, Donnie and Johnny Crocker. The defendant, Barbara Crocker, is their adoptive mother and paternal grandmother. The complaint alleged that the adoption should be set aside because the mother was not served with a summons and had no notice of the adoption proceedings. The family court declared the decree of adoption null and void, but granted custody of the children to the grandmother. The grandmother appeals the setting aside of the decree of adoption. We reverse.

In 1976 the boys' father, Donald Crocker, divorced the mother on grounds of adultery. From the time of their birth, the boys had lived with the grandmother and her late husband, J. D. Crocker. The grandparents fed, clothed, housed, and reared the boys as their own. When the husband sued for divorce, the grandparents commenced an action to adopt Donnie and Johnny as well as a third child of the marriage, Kenneth. They later advised the court that they would not seek adoption of Kenneth, who remained in the custody of the mother.

A summons and petition in the adoption action were mailed to the sheriff of Pickens County for service on the mother. The record contains a return of service in the form of an affidavit of personal service executed by the sheriff's office and reflecting personal service on the mother. There was also testimony by Rhoten Shetley, an attorney at law, that he was retained by the mother to represent her in the adoption proceeding. Shetley prepared an answer to the petition which was delivered to counsel for the grandparents and filed with the court. At the hearing on the final decree for adoption, Shetley advised the court by letter that the mother did not object to the adoption. The text of the letter reads in full:

Re: *J. D. Crocker and Barbara E. Crocker vs Joyce E. Crocker, et al* Adoption

Dear Judge Smith:

At the time the above matter was commenced my client, Joyce Crocker, filed an answer contesting the adoption. Sometime later she informed me that she was not objecting to the adoption. I informed Mr. Duggan, plaintiffs [sic] attorney that my client did not object.

We were duly notified that a hearing date was set for this matter. I informed Mr. Duggan that my client would not appear and would not object.

My client, Joyce Crocker does not intend to contest the above matter.

The court held a hearing on the adoption, found the grandparents were suitable and proper persons to adopt, found the best interest of the boys would be served by adoption, and entered its final decree of adoption on September 23, 1977. J. D. Crocker died in November, 1979.

On January 17, 1980, over two years after the decree of adoption was entered, the mother commenced this action to set aside the adoption. The ground for relief alleged in her complaint was that she had not relinquished her parental rights and "was not served with any summons nor did she receive any other notice or have any knowledge of the proceedings instituted by the Defendant [the grandmother] and her husband [the grandfather] for adoption of her minor children."

The grandmother introduced the sheriff's affidavit of personal service to show the mother had been made a party to the adoption proceeding. Shetley was also called to testify concerning his representation of the mother in the adoption action.

He testified that the mother brought the petition for adoption to his law office. On her instructions, he prepared an answer which was filed with the court and served on opposing counsel. When a hearing was scheduled, Shetley contacted his client. According to his testimony:

... she said she had no objection to the grandparents adopting the children.

Q All right. Sir, and with respect to this case after you

conferred with her what did you do?

A I called your office and told someone down there that she had no objection to it and you could proceed.

\* \* \* \* \* \*

Q All right. Were you notified of the final hearing in this action?

A I was.

Q Did you appear?

A No, sir.

Q Why didn't you?

A I informed you that we were withdrawing our Answer due to the fact that Mrs. Crocker had no objections to the adoption. I received notice from you that there would be a hearing and then subsequently I wrote a letter to the Court confirming just what I had told you orally.

Q Mr. Shetley, based on the conversations you had with your client, Joyce Elaine Crocker, was there any doubt in your mind that she understood what this action was about?

A No, sir.

Q Was there any doubt in your mind that she had notice that there was an adoption action pending involving those two children?

A No, sir, because I wouldn't have known about it if she hadn't told me.

Based primarily on the mother's testimony, the family court set aside the decree of adoption on the ground that the mother had not understood the legal implications of the adoption litigation. In the court's view, the mother believed that only issues of custody and visitation were being adjudicated by the court. The court also found the mother was confused by the institution of the adoption action at the same time her divorce action was pending in the court.

In our judgment it was error for the court to set aside the final decree of adoption. The mother alleged that she was not served with process and had no notice of the adoption proceedings. Had these allegations been true, relief might have been warranted. The record is clear, however, that she was made a party to the adoption suit and had

actual notice of all proceedings through her attorney. Since she alleged no other basis for relief in her complaint, it was error for the family court judge to go beyond the scope of her pleadings and grant relief on a theory which was not pleaded. A judgment or decree, whether in law or equity, must accord with and be warranted by the pleadings of the party in whose favor it is rendered. If it is not supported by the theory of action on which the pleadings were framed, it is fatally defective. *Brockington v. Lynch,* 119 S. C. 273, 112 S. E. 94 (1922); *Parker Peanut Co. v. Felder,* 207 S. C. 63, 34 S. E. (2d) 488 (1945); *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981).

For the first time in this Court, the mother also attempts to argue the adoption should be set aside for extrinsic fraud. The evidence does not remotely support this theory and the family court made no finding of fraud in procuring the adoption. Moreover, the issue was not raised below and cannot be presented for the first time on appeal. *Santee Portland Cement Corp. v. Mid-State Redi-Mix Concrete Co., Inc.,* 273 S. C. 784, 260 S. E. (2d) 178 (1979).

For the reasons stated, the judgment of the family court declaring the final decree of adoption null and void is

Reversed.

SANDERS, C. J., and GARDNER, J., concur.