0643

Thelma DORRELL, Appellant v. FLORENCE DISTRICT NO. ONE OF FLORENCE COUNTY, State of South Carolina, a Body Politic and Corporate, Respondent.

(341 S. E. (2d) 797)

Court of Appeals

*Robert S. Haight, Jr.,* of *Harry Pavilack & Associates,* Myrtle Beach, *for appellant.*

*D. Laurence McIntosh,* of *Wright, Scott, Blackwell & Powers,* Florence, *for respondent.*

Heard Jan. 21, 1986.

Decided March 5, 1986.

BELL, Judge:

Thelma Dorrell instituted this action against Florence County School District No. 1 for specific performance of a contract to convey land. The circuit court refused to decree specific performance, but awarded Dorrell liquidated damages pursuant to the contract. Dorrell appeals. We affirm.

In November 1951, Dorrell's late husband, Olin E. Dorrell, conveyed certain lands to Bonaire School District No. 6 to be used for the expansion of an existing school building. Thelma Dorrell is the widow of Olin E. Dorrell. Through his estate she acquired any interest he has in the property. Florence School District No. 1 is the successor in interest to Bonaire School District No. 6 by virtue of the consolidation and merger of school districts in Florence County.

The dispute between these parties involves the interpretation of a written agreement between Olin Dorrell and the

Bonaire School District entered contemporaneously with the conveyance of the land. Olin Dorrell's deed grants the Bonaire District a fee simple title to 11.07 acres lying to the west of its existing property. The deed is absolute on its face and contains no restrictions on title. No reversionary interest is reserved to the grantor and his heirs. The contemporaneous agreement recognized the school trustees will have fee simple title "without any limitation or restriction, and with full powers to mortgage, improve, convey, or to use the said land in any and every lawful manner." However, it provides:

> [I]n the event that the Trustees, their successors and assigns, should ever convey, or otherwise dispose of, the aforesaid real estate to any person ... other than Olin E. Dorrell, his heirs and assigns, and as a result thereof the said tract would be used for anything other than school purposes; then the Trustees, their successors and assigns, hereby agree to pay to Olin E. Dorrell, his heirs and assigns, and Olin E. Dorrell agrees to accept the sum of Eight Hundred ($800.00) Dollars as and for liquidated damages; OR, IN THE ALTERNATIVE, Olin E. Dorrell does hereby agree to purchase the said land from the Trustees, their successors and assigns, in and for the consideration of $1,300.00, plus a reasonable charge for any buildings or improvements that might have been erected or installed at that time, that cannot be removed by said Trustees.

After purchasing Olin Dorrell's property, the School District enlarged the existing school building so that a substantial portion of it extends onto the Dorrell tract. The building was used for school purposes until 1981, when the District decided to close the school. The District now intends to offer the entire property for sale to the general public. Mrs. Dorrell claims a right, under the agreement between her late husband and the District, to repurchase the Dorrell portion of the property for $1300 plus the value of improvements thereon. She seeks a court decree specifically enforcing that right.

The circuit court held the agreement provides two alternatives, should the District sell the Dorrell tract: (1) the school trustees may pay Dorrell $800 as liquidated damages;

or (2) the school trustees may require Dorrell to repurchase the land for $1300 plus the value of improvements. The court construed the agreement to impose a *duty* to repurchase on Dorrell, but found no language giving him a corresponding *right* to repurchase. In other words, the agreement gives the District, not Dorrell, the option to determine which alternative will be elected.

In our opinion, the circuit court correctly interpreted the agreement. Reading the written instrument on its face, the District plainly agrees to pay, and Dorrell agrees to accept, $800 as liquidated damages, if the property is sold to a third party for other than school purposes. Nowhere, however, does the District agree to sell the property to Dorrell rather than to a third party. The agreement gives Dorrell no right of first refusal if the District decides to sell. It merely imposes on Dorrell an obligation to repurchase if the District chooses to resell to him at the contract price rather than pay liquidated damages.

Although neither the deed nor the agreement contains a reversionary clause, nor gives an express right of first refusal upon sale of the property, Dorrell claims extrinsic evidence would show the parties intended to give Olin Dorrell an absolute right to repurchase the property if it ever ceased to be used for school purposes. Dorrell maintains the court should consider this extrinsic evidence, because the agreement is ambiguous as to whether she or the District has the right to exercise the repurchase option.

Even if we accepted Dorrell's interpretation of the agreement as correct, we would still affirm the judgment. Dorrell seeks specific enforcement of the agreement. Specific performance, like other equitable remedies, is within the sound discretion of the trial court. *Wright v. Patrick*, 262 S. C. 434, 205 S. E. (2d) 175 (1974). In this case, the circuit court found that specific performance is neither a practical nor an equitable remedy. The school building straddles the old boundary between the Dorrell tract and the adjacent property previously owned by the District. Approximately forty percent of the main building is on the Dorrell tract. There is no practical way to value the improvements to the Dorrell tract alone. Thus, the literal terms of the repurchase option cannot be enforced. More-

over, it would be inequitable—and tantamount to rewriting the agreement—either to require the District to forfeit the value of the improvements or to force Dorrell to pay for the value of improvements not on the granted land. We therefore conclude the circuit court appropriately exercised in discretion to deny specific performance.

If, as a matter of discretion, the court denies equitable relief, it may, in lieu thereof, enter judgment for the legal remedy of money damages. *Salinas & Son v. Ellis*, 26 S. C. 337, 2 S. E. 121 (1887); *Kinsey v. Bennett*, 37 S. C. 319, 15 S. E. 965 & 1892); *Parker Peanut Co. v. Felder*, 207 S. C. 63, 34 S. E. (2d) 488 (1945). In this case, the agreement itself fixes the amount of liquidated damages at $800. In the absence of evidence that this liquidated damages clause is unenforceable, it is binding on Dorrell as a reasonable, agreed preestimate of damages. Accordingly, the judgment of the circuit court, awarding Dorrell $800 in damages in lieu of specific performance, is affirmed.

Affirmed.

SANDERS, C. J. and GARDNER, J., concur.