### 22586

Eva ROLAND and Balboa Insurance Company, Respondents v. STATE FARM INSURANCE COMPANY, Continental Insurance Company, Tina Marie Humphries, a minor, by her guardian ad litem, Roger Leon Williams, Ralph E. Williams, Jackie J. Spencer, Angela Nichole Spencer, a minor under the age of fourteen (14) years, by her guardian ad litem, Elaine Spencer, and Kendrell Lynette Roland, deceased, through her administrator, Joyce Ann Mathews, Defendants, of whom Joyce Ann Mathews is Appellant. Appeal of Joyce Ann MATHEWS.

(345 S. E. (2d) 722)

*Toney J. Lister,* of *Henderson, Lister, Couch, Brandt & Vieth,* Spartanburg, *for appellant.*

*Clinch H. Belser, Jr.,* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for respondents.*

Heard May 19, 1986.

Decided June 30, 1986.

FINNEY, Justice:

This is a declaratory judgment action pursuant to the Uniform Declaratory Judgment Act § 15-53-10 et seq. S. C. Code Ann. (1976). The respondents Eva Roland (owner of the motorcycle) and Balboa Insurance Company (insurer of the motorcycle) brought this action against the appellants seeking a determination whether the motorcycle which was in-

volved in a collision with an automobile was being operated with the permission of the owner, Eva Roland. The trial court ruled that the motorcycle was being operated without the permission of the owner, and therefore the respondents were not liable; and further, that the estate of Kendrell Roland could not recover under the uninsured motorist policy provisions. We affirm in part and reverse in part.

There are two (2) issues presented to this Court on appeal: (1) Whether the trial court erred in deciding whether Kendrell Roland was provided insurance coverage under the respondents' uninsured motorist policy provisions; and 2) whether the trial court erred in finding that Kendrell Roland was not insured under the uninsured motorist provision of the respondents' insurance policy.

The appellant contends that the issue of uninsured motorist coverage was never raised nor argued before the trial court; therefore, the court improperly decided this issue. We agree.

This Court held in *Glass v. Glass*, 276 S. C. 625, 281 S. E. (2d) 221 (1981) that a judgment or decree, whether in law or equity, must conform to both the pleadings and the proofs and be in accordance with the theory or action on which the pleadings are framed and the case was tried. The respondents stipulated that "[t]he only real issue before the court ... is whether Mrs. Eva Roland had given permission to Tina Humphries to operate the motorcycle." The attorney for the appellant State Farm Insurance Company conceded that there was a question of uninsured liability; however he stated, "[b]ut your Honor, the question before you is as to coverage between Balboa and State Farm under liability."

Appellants made it clear the uninsured liability question was not before the court by reserving the right to argue this issue later. Appellants stated, "it's our contention that it comes under permissive use and if it does not, we would reserve the right to argue the uninsured motorists provision of the Balboa policy at a later date." The trial judge recognized there was only one issue before his court because he stated, "As I understand it, the only issue you're asking me to decide today is whether or not Tina Humphries had permission, either expressed or implied?"

The respondents contend that the issue of uninsured liability was raised in the pleadings, argued at trial and fully briefed in their trial memorandum submitted to the court. We have searched the record and find that the issue was not properly raised in the pleadings nor argued before the trial court. The uninsured motorist issue was presented in the respondents' trial memorandum, but this is not sufficient to place the matter before the trial court to decide.

We conclude that the trial judge erred in determining the question of uninsured motorist coverage because it was not properly before him. The portion of the trial court's order ruling that the estate of Kendrell Roland could not recover under the respondents' uninsured motorist insurance provision is hereby set aside and the remaining portion of the lower court's order is affirmed.

Affirmed in part and reversed in part.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.