A92A1220. AMERICAN TRUCK LINES, INC. v. ALBINO.
(424 SE2d 367)

POPE, Judge.

Plaintiff/appellant American Truck Lines, Inc. brought suit against defendant/appellee Joseph F. Albino d/b/a A. J. Logistics, Inc. d/b/a A. J. Express seeking to recover freight charges incurred by defendant for transportation (trucking) services rendered by plaintiff. Plaintiff subsequently filed a motion for summary judgment contending that defendant Joseph Albino should be personally liable for the freight charges incurred in this case because such charges were incurred while defendant was purporting to act for a nonexistent corporate entity, A. J. Logistics, Inc. In support of its motion, plaintiff presented, inter alia, a document dated May 2, 1991 from the Secre-

tary of State of the State of New Jersey certifying that A. J. Logistics, Inc. had not been filed in the New Jersey Secretary of State's office. In response to plaintiff's motion, and in support of his own motion for summary judgment, defendant presented his affidavit stating that A. J. Logistics, Inc. was a New Jersey corporation; attached to the affidavit was a certificate of incorporation which was stamped "filed" on May 14, 1984 by the New Jersey Secretary of State. After considering this evidence, the trial court entered an order denying both parties' motions for summary judgment.

On August 21, 1991, defendant filed a second motion for summary judgment. In support of this motion defendant presented a document from the New Jersey Secretary of State dated August 7, 1991, certifying that the charter for A. J. Logistics, Inc. was filed in the Secretary of State's office on May 14, 1984, and that there had been no dissolution of the corporation as of the date of the certification. Plaintiff opposed the motion for summary judgment pointing to the discrepancy in the certified documents each party obtained from the New Jersey Secretary of State's office. On October 18, 1991, the trial court granted defendant's motion for summary judgment and plaintiff filed this appeal.

1. We find no error in the grant of summary judgment in this case. The primary issue in this case is whether defendant Joseph Albino should be individually and personally liable for freight charges incurred in connection with a business operation because he purported to act in a corporate capacity on behalf of a corporate entity which did not exist. In support of his second motion for summary judgment defendant presented a certificate from the New Jersey Secretary of State's office specifying that the documents necessary to incorporate A. J. Logistics had been filed in that office and that at the time of the certification the corporation had not been dissolved. The earlier filed document of plaintiff merely provided that A. J. Logistics had not been filed in the Secretary of State's office and made no representation concerning the filing of documents necessary to incorporate that entity. Such a statement was inadequate as a matter of law, inasmuch as a *corporation* cannot be filed, but only the documents necessary to incorporate. Thus, the certification defendant obtained in support of his second summary judgment motion, in addition to being the most recent statement by the New Jersey Secretary of State concerning the corporate status of A. J. Logistics, Inc. is also the only complete evidence of record concerning the issue to be resolved.

"Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the non-movant, who must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. [Cits.]" *Weldon v. Del Taco Corp.*, 194 Ga.

App. 174 (390 SE2d 87) (1990). In the instant case and in the context of the latest motion for summary judgment, defendant produced the explicit certificate of the Secretary of State of the State of New Jersey which was entered on August 7, 1991, and which unequivocally certified that the corporation came into existence on May 14, 1984, and that it had not been dissolved as of the date of the Secretary of State's certificate. In response, plaintiff did not come forward with anything to rebut this August 7, 1991 certificate, but merely relied upon the earlier filed statement that the corporation had not been filed in the Secretary of State's office. It follows that the trial court correctly granted summary judgment to defendant, finding as a matter of law that the corporation did exist at all times relevant to the dealings between the parties.

2. Plaintiff also argues that material issues of fact remain as to its knowledge that it was dealing with a corporate entity. As demonstrated by an affidavit filed in support of its first motion for summary judgment, plaintiff first sought to establish defendant's individual liability by arguing that defendant had "purported to act" for a corporate entity which did not exist. By this statement plaintiff demonstrated its knowledge that it was dealing with a corporate entity. Plaintiff cannot argue that Albino should be individually liable here both because he "purported to act" for a corporate entity which did not exist and because he purported to act individually and *not* for a corporate entity. In sum, and pretermitting whether this argument was properly raised below, we find no merit to this enumeration.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 30, 1992.

*Arthur B. Seymour*, for appellant.
*Michael G. Lambros*, for appellee.