488 S.E.2d 335

PITTMAN MORTGAGE COMPANY, INC. and Cleonard G. Pittman, Jr., Appellants,

v.

Susan H. EDWARDS, Respondent.

No. 24646.

Supreme Court of South Carolina.

Heard Feb. 19, 1997.

Decided July 21, 1997.

Richard E. Miley, North Augusta, for appellants.

John W. Harte, Aiken, for respondent.

BURNETT, Justice:

Appellants appeal the circuit court's denial of their motion to vacate an arbitration award. We affirm in part and vacate in part.

## FACTS

Appellants (Pittman and Mortgage Co.) commenced this action in circuit court seeking a declaratory judgment[1] to determine whether respondent was entitled to shares of the Mortgage Co.[2] and asserting a claim for conversion by respondent of certain equipment owned by Mortgage Co. Respondent answered and asserted counterclaims alleging, *seriatim:* (1) respondent was entitled to a fifty percent ownership in Mortgage Co. and damages caused by her wrongful exclusion from the corporation and her share of the profits earned by the business prior to her termination; (2) unfair trade practices; and (3) violation of the Fair Labor Standards Act.

Following discovery, the parties consented to binding arbitration and all issues embraced within the pleadings were submitted to arbitration.[3] The parties agreed that Georgia law governed the substantive rights of the parties in this proceeding. Although the parties did not expressly agree prior to arbitration that the terms of the Uniform Arbitration Act, S.C.Code Ann. §§ 15–48–10 to –240 (Supp.1996) (the Act),

---

1. Uniform Declaratory Judgments Act, S.C.Code Ann. §§ 15–53–10 to – 140 (1976).

2. Mortgage Co. is a Georgia corporation and Pittman is the sole shareholder of the Mortgage Co.

3. The appellants' second cause of action and respondent's second counterclaim were not considered by the arbitration panel. Appellants dismissed their claim for conversion because respondent returned the equipment. Respondent withdrew her claim of unfair trade practices prior to arbitration.

governed the proceedings, the award concludes the Act governs and neither party has contested this finding.

After a hearing in accordance with the Act, the arbitrators served and filed the Award of Arbitrators. The arbitration panel found Pittman and respondent entered into an agreement to start a realty company. The parties agreed to share the profits on a fifty-fifty basis. The agreement contemplated that each party would have an ownership interest in the company; however, no percentage was agreed upon. The parties made contributions to the business. The Mortgage Co. in June 1994 represented to the State of Georgia that Pittman owned 60% of the stock and respondent owned 40% of the stock. The arbitrators found this agreement to evidence a stock distribution. On June 18, 1994, respondent's employment with Mortgage Co. was terminated. Although respondent was paid the salary due to her, she was not fully paid her share of the earned profits, as agreed.

The panel determined respondent was entitled to a 40% interest in the Mortgage Co. and awarded respondent a judgment against both Pittman and Mortgage Co. in the amount of $40,963.00, representing the value of her stock at the time she was terminated. The panel also awarded respondent $2,726.00 in earned but unpaid income against both appellants. Appellants filed a motion to vacate the award with the circuit court. The circuit court denied this motion and confirmed the award. This appeal ensued.

### ISSUE

Did the arbitration panel exceed its powers under S.C.Code Ann. § 15–48–130 (Supp.1996), so that appellants are entitled to vacation of the award?

### DISCUSSION

Appellants claim the arbitrators exceeded their powers under § 15–48–130(a)(3) by awarding respondent the value of her stock instead of ordering the issuance of the stock; therefore, the award should be vacated. We agree.

Arbitration is a favored method of settling disputes in South Carolina. *Batten v. Howell,* 300 S.C. 545, 389 S.E.2d

170 (Ct.App.1990); *see also Trident Technical College v. Lucas & Stubbs, Ltd.,* 286 S.C. 98, 333 S.E.2d 781 (1985). When a dispute is submitted to arbitration, the arbitrators determine questions of both law and fact. S.C.Code Ann. § 15–48–180. Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award. *Batten, supra.* An award will only be vacated under narrow, limited circumstances.

 (a) Upon application of a party, the court shall vacate an award where:

 (1) The award was procured by corruption, fraud or other undue means;

 (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

 (3) The arbitrators exceeded their powers;

 (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 15–48–50, so as to prejudice substantially the rights of a party; or

 (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under § 15–48–20 and the party did not participate in the arbitration hearing without raising the objection;

 But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

S.C.Code Ann. § 15–48–130(a) (Supp.1996).

 The question of whether arbitrators have exceeded their powers relates to the arbitrability of the issue they have attempted to resolve. *Batten, supra.* Arbitrators exceed their powers only if the issue resolved by them is not within the scope of the agreement to arbitrate. *Id.* Factual and legal errors by arbitrators do not constitute an abuse of their powers, and the court is not required to review the merits of the decision so long as the arbitrators do not exceed their powers. *Id.* A party may not attempt to relitigate the merits of the arbitrators' resolution of the arbitrable issues under the

guise of questioning the arbitrators' power. *Id.; Trident Technical College, supra.*

■ Arbitrators need not specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are "barely colorable." *Batten, supra.* If the grounds for the award can be inferred from the facts, the award should be confirmed. *Id.*

■ The arbitration panel exceeded its powers by awarding respondent the value of her shareholder's equity. Because the pleadings represented the arbitration agreement in this case, absent an amendment of the pleadings or implied consent to consider relief not requested in the pleadings, the panel could only consider the issues contained within the pleadings and could only award the parties the relief they requested within the pleadings. *See* 61 Am.Jur.2d, *Pleading* § 383 (1981); *see also* Rule 15(b), SCRCP; *Parker Peanut Co. v. Felder,* 207 S.C. 63, 34 S.E.2d 488 (1945); *Ball v. Canadian American Express Co.,* 314 S.C. 272, 442 S.E.2d 620 (Ct.App.1994) (a motion to amend pleadings to conform to proof may be made even after judgment and should be liberally allowed absent prejudice to the opposing party). Respondent did not request either her shareholder's equity or rescission of the contract for issuance of stock and the return of her contribution to the corporation. Instead, she only sought the issuance of stock and her share of the income owed to her from the business.[4] Further, respondent did not attempt to amend her pleading to request the value of the stock instead of the issuance of the stock, and there is no evidence to support a finding that appellants impliedly consented at the hearing to allow the panel to consider this type of relief. Therefore, the panel was limited to deciding whether she was entitled to stock in the corporation and to order issuance of this stock. By awarding respondent the value of her stock, the panel exceeded its authority.

■ Appellants further claim the arbitration panel exceeded its authority by holding Pittman personally liable for the

---

4. Respondent did request damages for losses due to appellants' failure to issue her stock and her wrongful exclusion from the corporation. However, the panel made no findings concerning these issues.

unpaid income and for the value of respondent's stock. Because the panel exceeded its authority in awarding respondent the value of her stock, the issue of Pittman's personal liability for value of her stock is moot. However, the panel had the power to hold Pittman personally liable for the unpaid income. Respondent alleged in her pleading there was a contract between Pittman and herself. The terms of this agreement and whether Pittman breached this contract are embraced within the submission agreement; therefore, the panel was empowered to hold Pittman personally liable for this breach of his agreement with respondent.

 Further, Pittman's personal liability for the unpaid income is supported by the arbitration panel's finding Pittman had breached his agreement with respondent and respondent was entitled to damages for this breach. However, based on the findings of the panel, this personal liability can only extend to the unpaid income. The panel found Pittman and respondent did not have an agreement concerning the percentage of ownership; therefore, under the law of corporations, Pittman cannot be held personally liable for the failure of the corporation to issue the stock to respondent. Only the corporation can be held liable for this failure absent proceedings to disregard the corporate entity. *See Kilsheimer v. State*, 250 Ga. 549, 299 S.E.2d 733 (1983); *American Truck Lines, Inc. v. Albino*, 206 Ga.App. 83, 424 S.E.2d 367 (Ct.App.1992). Here, there is no finding the corporate entity should be disregarded. Thus, Pittman cannot be held personally liable for the issuance of the stock or for the value of the stock.

Based on the panel's findings, the Mortgage Co. could be held liable for not making the stock distribution that it represented to the State of Georgia had been made. The document evidenced a contract between respondent and the corporation for the stock. However, because respondent never asked for her shareholder's equity in her pleading, the panel could only order the corporation to do what it claimed had been done—issue the stock to the respondent.

We affirm the award finding respondent entitled to 40% ownership of the corporation and holding Pittman personally liable for respondent's earned but unpaid share of the profits.

However, we vacate the portion of the award granting respondent the value of her stock.[5]

**Affirmed in part and vacated in part.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

**5.** Appellants also claimed the award should be vacated on the non-statutory ground of manifest disregard or perverse misconstruction of the law by the arbitration panel. Because we find the panel exceeded its authority, we need not reach this issue.