9142

HOLLIDAY v. PEGRAM *ET AL.*

(85 S. E. 908.)

APPEAL AND ERROR. PLEADINGS. QUANTUM MERUIT. EVIDENCE.

1. APPEAL AND ERROR.—The refusal of a motion to strike out irrelevant or redundant matter in pleadings may be reviewed on appeal from the final judgment.

2. USE AND OCCUPATION — PLEADING — QUANTUM MERUIT. — Where all the terms of a contract of rental are agreed upon except the rent, in a suit to recover the rental, necessarily on a *quantum meruit,* a contract implied by law, it is proper to allege the terms of the contract so far as agreed upon.

3. QUANTUM MERUIT—PLEADINGS.—An allegation that the parties had agreed upon a specified sum as the rental to be paid for premises occupied under and in completed contract is relevant in an action to recover the rental value upon *quantum meruit.*

4. USE AND OCCUPATION—EVIDENCE.—Where defendants were sued for the rental · of a tobacco warehouse, the suit being on a *quantum meruit* because through the parties' failure to agree on details no completed contract of lease was made, it was proper to admit defendants' letters agreeing to pay $850 as rent, as tending to prove one of the elements of the contract agreed upon

5. EVIDENCE—QUANTUM MERUIT—ADMISSIONS.—Offers by defendants to pay a specified sum as rent for premises occupied are admissible in evidence as tending to show the rental value, in an action upon *quantum meruit.*

Before HON. C. J. RAMAGE, special Judge, Florence, April, 1914. Affirmed.

Action by J. W. Holliday against G. H. Pegram and C. W. Payne, copartners in trade, under the firm name of G. H. Pegram & Co.

From a judgment for plaintiff, defendants appeal:

*Messrs. J. W. Ragsdale* and *Whiting & Baker,* for appellants, submit: *Allegation of contract is irrelevant in action on quantum meruit:* 94 S. C. 406; *and should have been*

FOOTNOTE.—As to right to recover on *quantum meruit* for services performed or material furnished under express contract invalid because the minds of the parties did not meet as to the terms thereof, see note in 26 L. R. A. (N. S.) 810.

*stricken out:* 71 S. C. 340; 64 S. C. 509; 54 S. C. 95; 18 S. C. 479; 80 S. C. 499; 18 S. C. 479; 71 S. C. 7; Pom. Rem. (2d ed.), secs. 551, 552; 2 Wait. Pr. 437.

*Messrs. Willcox & Willcox,* for respondent, submit: *An order refusing to strike out irrelevant matter is not appealable:* 74 S. C. 13; 77 S. C. 367; 78 S. C. 565; 81 S. C. 305; 93 S. C. 61. *The letters were admitted in evidence without objection:* 95 S. C. 9. *Relevancy was in discretion of trial Judge:* 54 S. C. 314; 60 S. C. 67. *A ground of objection not urged below, cannot be considered upon appeal:* 53 S. C. 80; 65 S. E. 258. *General objection may be ignored:* 77 S. C. 464.

July 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

At first, plaintiff sued on contract to recover the rent due for the use of a warehouse. A directed verdict for plaintiff was reversed on the ground, besides others, that the Court erred in holding that the letters introduced to prove the contract made a complete contract. 89 S. C. 73, 71 S. E. 367, Ann. Cas. 1913a, 33.

The case was remanded for a new trial, which was had without amendment of the complaint—plaintiff still suing upon contract. On the second trial, the Court directed a verdict for defendants on the ground that the evidence failed to prove a contract. This was affirmed, with leave to plaintiff to amend his complaint and set up a cause of action based on *quantum meruit.* 94 S. C. 292, 77 S. E. 1014.

Accordingly, plaintiff amended, alleging, in paragraph 2, that he and defendants entered into negotiations for the lease of the warehouse, "and that as a result of such negotiations plaintiff agreed to lease the property in question for the tobacco warehouse season of 1910, and defendants agreed to occupy same and to pay plaintiff therefor on Sep-

tember 1, 1910, as rent for the period mentioned, the sum of $850." In paragraph 3, he alleged that, pursuant to such negotiations, defendants took possession of and used the warehouse for the season of 1910, but, on account of their failure to agree upon certain details, no completed contract was made; and, in paragraph 4, he alleged that the reasonable rental value of the warehouse was "the price agreed upon in the negotiations aforesaid, to wit:" $850, for which sum he demanded judgment.

Defendants moved to strike out the words in quotations in paragraphs 2 and 4, as irrelevant and redundant. The motion was refused. From judgment for plaintiff, defendants appealed.

Respondent objects to the consideration of the first ground of appeal—the refusal of the motion to strike out—on the ground that the refusal of such a motion is not appealable. The authorities cited by him show that, while an order refusing to strike out is not immediately appealable, it will be reviewed on appeal from the final judgment.

But there was no error in refusing the motion. It frequently happens that some of the terms of an incomplete contract are agreed upon, for instance, all the terms of a contract of rental or sale, except the price. In such case, the action could not be upon contract, because a complete contract was not made; but it would have to be on *quantum meruit*—a contract implied by the law—in which, however, it is proper to allege the terms of the contract so far as they were agreed upon.

Nor was there error in admitting defendants' letters in which they agreed to pay $850, as rent for the warehouse. They tended to prove one of the elements of the contract that had been agreed upon; and, even if the price had not been agreed upon, they would have been admissible as admissions of defendants tending to prove a reasonable price.

Judgment affirmed.