16318

CROCKER *ET AL.* v. EVANS *ET AL.*
(57 S. E. (2d) 754)

*Messrs. Robinson & Robinson,* of Columbia, *for Appellants,*

*Messrs. Davis and Lanford,* of Columbia, *for Respondents,*

February 15, 1950.

TAYLOR, Justice.

This appeal involves the construction of Item II of the Will of Miss Hettie Evans who died in 1946.

Mr. J. D. Evans, deceased, the father of the testatrix, purchased in 1881 a tract of land in Richland County known as the "Fripp Farm" containing approximately thirty-five acres, more or less. He and his family, including the testatrix, lived on this tract of land until his death and after that she continued to live thereon until her death in 1946, title thereto having passed by the "Third" Item of the Will of J. D. Evans and designated therein as "said home place" and referred to in the "Second" Item of his Will as "our home place". In 1925, after the death of Mr. J. D. Evans, Miss Hettie Evans acquired the Roseborough Tract, in 1937, Tract No. 1 of the Taylor Tract and the interest of the other heirs in the Industrial Home Tract, all of which adjoin the original tract known as the "Fripp Farm".

Item II of the Will of Miss Hettie Evans appears as follows: "I will and devise my Home Place, including the house and outbuildings, to my three nieces, Leona McConnell, Rachel Evans and Kathleen Wyatt, for and during the terms of their natural lives. My niece, Leona McConnell, is to have the privilege of living in one floor of this house as long as she desires, and she is to manage the entire house, renting the other portion thereof and dividing the income between Rachel Evans and Kathleen Wyatt."

The question to be determined by this Court is what acreage is included in the life estate by the above item. The master found that the devise in Item II of the Hettie Evans Will left a life estate to Mrs. McConnell and Mrs. Wyatt (Rachel Evans, the other life tenant, having predeceased the testatrix), in that portion of the land immediately around the dwelling house, including the garden and outbuildings and generally encompassed within the hedges and fences on the property together with a right of way to Forest Drive or to Beltline Boulevard.

Upon exceptions thereto the Circuit Judge held that the findings of the Master were arbitrary and that the testatrix intended by Item II of her Will to include all of that tract known as the "Fripp Farm" as the "Home Place".

Appellants contend that the Will must be construed as a whole; that the tract of eighty-five acres, more or less, is sandhill land with the income therefrom negligible; that the value of this property is incident to its proximity to Columbia and its development as suburban property fronting on Forest Drive and Beltline Boulevard, both of which are paved highways; that there are no natural boundaries between the several tracts acquired by Miss Evans; that prior to the date of the Hettie Evans will, Beltline Boulevard was constructed through this property, the effect being to divide the "Fripp Farm" Tract, leaving a strip some two hundred feet wide west of the Boulevard and separating that highway from the Industrial Home Tract and the bulk of the property east of the Beltline Boulevard; that the effect of the decree of the Circuit Judge is to leave in the life estate the entire "Fripp Farm" Tract which occupies the middle portion of the estate and includes the greater portion of the Evans' properties, fronting on both sides of Beltline Boulevard, thus greatly impairing the value of the property and making it difficult to divide the land in kind as provided in the will; all of which might well be true. However, the question before this Court is what did the testatrix intend when

she used the words: "I will and devise my Home Place, including the house and outbuildings."

In *Brownlee v. Miller*, 208 S. C. 252, 37 S. E. (2d) 658, 662, it was contended that a deed should be set aside because of insufficient description and this Court said:

" 'The rule of law recognized in our courts is well expressed in the following excerpt from the opinion of the Supreme Court in the case of *McNair v. Johnson*, 95 S. C. 176, 179, 78 S. E. 892:

" ' "Another maxim of law applicable to this case is: 'That is sufficiently certain which can be made certain.' " ' "

Later in the *Brownlee case* the Court states: " 'Applying the rule thus laid down to the case at bar, it is quite clear that the description was sufficient to enable a person of ordinary prudence acting in good faith and making inquiries suggested by the description to enable him to identify the land. And indeed, the surveyors had no trouble in locating the land, and they testified that the lines thereof were fairly well established. Moreover, the evidence makes it perfectly plain that the petitioners fully understood that the land being sold was the home place.' "

A study of the record in this case discloses that the "Fripp Farm", since the purchase and establishment of the home thereon in 1881 by J. D. Evans, father of the testatrix, has been referred to as the "Home Place." Indeed testatrix acquired the identical property under the Will of her father which refers to it as "our home place" and "said home place." This description was sufficient to enable the surveyors to locate the property and make a plat thereof and should enable a person of ordinary prudence acting in good faith and making inquiries suggested by the description to identify the land in question.

Appellants further contend that by the use of the words "including the house and outbuildings", testatrix indicated that "My Home Place" meant something less than the "Fripp Farm" Tract or that which had been previously

known as the "Home Place" and that this area was to be determined by the existing fences and hedges in the proximity of the buildings. With this we cannot agree. There is testimony as to the existence of such fences and hedges, but there is no testimony that such were established or constructed as boundary lines but are such fences and hedges as are generally found about a rural home.

We are of the opinion that when the testatrix used the words "My Home Place, including the house and outbuildings", she had in mind the entire "Fripp Farm" Tract which had been known since 1881 as the "Home Place" and that all exceptions should be dismissed and the order of the Circuit Court affirmed and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.