16391

McCONNELL v. CROCKER ET AL.

(60 S. E. (2d) 673)

336

*Messrs. Clint T. Graydon* and *Robinson, Robinson &*
*Dreher, for Appellants, and Mr. Julian Hennig, Jr., of Coun-*
*sel,* all of Columbia,

*Messrs. Davis & Lanford* and *Cooper & Gary,* of Columbia, *for Respondent,*

*Messrs. Clint T. Graydon* and *Robinson, Robinson & Dreher, for Appellants,* and *Mr. Julian Hennig, Jr.,* of Counsel, all of Columbia,

July 27, 1950.

STUKES, Justice.

Miss Hettie Evans of Richland County died in 1946 at the age of eighty-one leaving of force her will dated Sept. 30, 1944, of which appellants are executors. Respondent and two other nieces (one now deceased) were given life estates in decedent's home place, consisting of thirty-odd acres in the suburbs of Columbia on which were situate her large residence of twelve rooms and outbuildings. The residue of the estate, consisting principally of the remainder in the home place (after the life estates) and of the fee in other tracts of lesser acreages, was devised to the only surviving brother of the testatrix and to numerous nieces and nephews (respondent among them) in equal shares, some limited to life estates with remainders to others, the details of all of which are unimportant in the consideration of the appeal. The will was before this court for construction, 57 S. E. (2d) 754; and the present respondent's contention thereabout was upheld.

The executors brought an action to marshal the assets and partition the property of the estate. Meanwhile respondent had filed a claim with them in the amount of $75,000.00 for alleged services to decedent during a period of about twenty-four years, payment of which was refused. They, now appellants, moved to require respondent to set the claim up in the action, which resulted in the following order:

"That Leona McConnell be and hereby is given thirty days from the date of this decree in which to amend her pleading to set up any claim which she may wish to urge against the Executors or against the estate of Hettie Evans. If she fails to file such claim or such amended pleading within the time specified she is forever barred from setting it up hereafter in this or any other action."

Respondent moved for a further order construing the ▮ foregoing but without decision upon it the present independent action was commenced within the specified thirty days and the first question presented by the appeal is, Did such constitute compliance with the order, from which latter there was no appeal? The circuit court held that the bringing of the independent action was substantial and sufficient compliance with the order and with that conclusion we are constrained to agree, in the absence of controlling contrary precedent. The strict construction which appellants urge would deny respondent her day in court, to which she is otherwise entitled. The terms of the order were not entirely clear, which is evidenced by the concluding reference to "any other action"; and prejudice to appellants from the procedure which followed is not apparent. Respondent would doubtless have been granted trial by jury of the factual issues embraced in her claim even if the prosecution of it should have been confined to the equitable action of the executors to marshal the assets and settle the estate. The exception which raises this question is overruled.

Respondent alleged in her complaint that upon the death of her grandfather in April 1922, her maiden aunt, the decedent, who had lived with him requested that she move into the home, which had been given to her, and assist in the keeping of it and care for decedent. Respondent gave up her teaching position in the public schools and resided with decedent from that time until the latter's death in 1946, for which services decedent promised that she would be compensated and rewarded. In addition to her services, respondent contributed groceries, fuel, repairs and other expenses, including medical attention. Decedent was ill and partially blind during a portion of the long period, which increased the necessary care and attention. Further allegations of the complaint need not be stated. The answer contained denials and affirmative defenses which included that which has been disposed of *ante,* and the statute of limitations. The jury returned a verdict of $25,000.00 and the ap-

peal is upon numerous exceptions which make the additional questions which will be discussed.

Motions by appellants for directed verdict and judgment notwithstanding because of alleged insufficiency of the evidence to sustain recovery were overruled, and we think properly. Because of the necessity for new trial, which will presently appear, our references to the evidence are held to the necessary minimum and, of course, we intimate no opinion as to its credibility or weight. For the purpose of our consideration it must be viewed most favorably to respondent and under that rule we have no difficulty in sustaining the refusal of the motions. The soundness of this conclusion is demonstrated by comparison of the facts in evidence here with those of the numerous similar cases which will be cited in the consideration of the other grounds of appeal. The applicable law is clearly summarized in *Jones v. Jones,* 129 S. C. 8, 123 S. E. 763.

The evidence of respondent to establish liability was contained in the testimony of several witnesses. Her brother testified that he several times overheard conversations between respondent and decedent in which the latter said that if respondent stayed with decedent and, quoting,"looked after her", decedent, quoting again, "would reward her for it." This witness said that he had given his interest under the will to respondent because, quoting, "she was my sister and I wanted her to have it." Another witness in behalf of respondent was a carpenter who made repairs to the buildings on the property and whose wife had taught with respondent and roomed with her. On many occasions he heard decedent say that respondent, quoting, "wouldn't be sorry for coming and looking after her." A former fellow-teacher of respondent, who afterward married and lived in the neighborhood, testified that she visited in the home and, as follows, quoting, "Well, quite often we would all be sitting together talking, and Aunt Hettie would make certain statements, such as that Leona (respondent) had made sacrifices, and that she would

not regret it; that she would be rewarded." Another neighbor testified that she was often in the home and that on one occasion she found respondent and decedent engaged in an argument and heard the latter say, "Well, you can't go. You promised to stay here with me, and I am going to pay you for it."

Appellants requested the court to instruct the jury as follows, which was refused: "Where, as in this case, there is no proof of an express agreement between the parties, and where, as here, the plaintiff claims that there is an implied promise to compensate, I charge you that the Statute of Limitations of this state applies and there may be no recovery for any services which may have been performed for the deceased prior to six years from the date of her death."

Influencing this conclusion of the court and now relied upon by respondent are the following decisions: *Price v. Price*, Cheves Eq. 167, 34 Am. Dec. 608; *Hursey v. Surles*, 91 S. C. 284, 74 S. E. 618; and *Riddle v. George*, 181 S. C. 360, 187 S. E. 524. In the latter two cases cited the statute is not mentioned in the opinions but actions were entertained for services to decedents extending over periods of eleven and a half years and ten years, respectively.

Overlooked in the trial court, however, was the fact that in all of those cases there was direct evidence of agreement of the respective decedents that compensation for the services would be made by a devise or bequest, which differentiates the cited cases because here there was no evidence of any such promise or agreement on the part of the deceased. Hence the authorities relied upon are not controlling and consequently the statute of limitations applies in this case as to ordinary implied contracts, and it was error to refuse the request to charge and to permit recovery for services alleged to have been rendered over a period of twenty-four years instead of the limited six. It was not pointed out in argument how, in the absence of supporting evidence, there may arise an implication to pay

at death or by will. On the contrary, such an inference runs headlong into the usual implication in the law of implied or quasi contracts to pay as and when services are performed. An obligation to pay by will cannot be fairly inferred from an implied or express obligation merely to pay. It is like the prohibited mounting of a presumption upon a presumption.

The stated evidence was patently insufficient to establish an express contract to devise or bequeath in payment of the contended obligation, especially under the universal rule relating to the quantum of proof in such cases. Our decisions and other authorities to the point were reviewed at some length in *Young v. Levy*, 206 S. C. 1, 32 S. E. 2d 889; and the ground need not be here retrod. See also the even later case of *Samuel v. Young*, 214 S. C. 91, 51 S. E. 2d 367. Because the evidence was entirely inadequate to establish a contract to devise or bequeath and by the same token, and necessarily, the date of payment for the alleged services was not thereby established as the time of the death of the supposed obligor, whereby currency would be first given to the statute of limitations. As already said, in all of our cases cited as holding to the contrary there was substantial evidence of such an express contract and, notwithstanding, for one reason or another, the claimants elected to pursue the remedy of *quantum meruit* or implied contract. Here the respondent similarly elected but failed to produce evidence of the existence of an express contract to pay on death and thereby this case is clearly distinguished. There is an instructive discussion of choice of remedies in such cases in *Andrews v. Aikens*, 44 Idaho 797, 260 P. 423, 69 A. L. R. 14, supplemented in *Holsz v. Stephan*, 362 Ill. 527, 200 N. E. 601, 106 A. L. R. 742. See also, 7 A. L. R. 2d 8. *Gantt v. Morgan*, 199 S. C. 138, 18 S. E. 2d 672, was upon a like cause of action and similarly there was no amount or time fixed for payment for the services, but the statute of limitations was not involved.

The evidence referred to and summarized above is not irrelevant because it tends to show acceptance by decedent of the services of respondent (and willingness to compensate) whereby the law raises a promise to pay which is the implied obligation *in quantum meruit* and respondent properly chose that remedy, *Holliday v. Pegram,* 101 S. C. 378, 85 S. E. 908, but she is without evidentiary support for the contention that the statute of limitations did not apply to the implied obligation to pay for the services as rendered. Hence appellants' rejected request to charge, quoted *supra,* was correct and applicable and the court should have so instructed the jury. The case is similar to *Grady v. Faison,* 224 N. C. 567, 31 S. E. 2d 760, 761, where the applicable limitation (there three years against our six) was applied to recovery *in quantum meruit* where the alleged contract to compensate by devise was not proved (as it was not here). We quote from the opinion: "Plaintiff's action was not for specific performance of the alleged contract, but in the last analysis for the value of his services for the entire period during which they were performed. *Norton v. McLelland,* 208 N. C. 137, 179 S. E. 443. While there was a failure of proof that there was such a contract as was alleged in the complaint, evidence in regard to it, though insufficient to prove the contract, would be available to support the position that the services were of value, and that compensation therefor was within the contemplation of the parties." With reference to the applicability of the statute of limitations the court said: "This ruling was a logical sequence of the finding that there was no contract to postpone payment of compensation until her death, such as would arrest the running of the statute, and hence the ruling must be upheld as correct." Also alike is *Harnsberger v. Wright,* 185 Va. 586, 39 S. E. 2d 737, where the statute of limitations was applied to demand in implied contract for compensation for services to an intestate, as of the date of the rendition of the services, whereby the claim was barred. Application

of the statute was upheld in our somewhat similar case of *Sullivan v. Latimer,* 38 S. C. 158, 17 S. E. 701.

No case from this court has come to our attention which permitted recovery upon an implication of the time of payment for services to a decedent as of death or by will. On the contrary, the old (1848) case of *Hunter v. Hunter,* 3 Strob. 321, held that even the terms of an express agreement to that effect were inadmissible in that action upon implied contract, which is the remedy here pursued by respondent. However, our later decisions (some of them cited *supra*) have relaxed that strict rule of relevancy and authorize the admission of evidence of such special agreements whereby the running of the statute is postponed. Respondent's difficulty is her failure to adduce competent evidence to that effect. In *Callum v. Rice,* 35 S. C. 551, 15 S. E. 268, 270, it was said in the opinion that there was no proof in that case of an express contract to compensate plaintiff by will and further, quoting: "This claim, as presented, is not based on a specific contract, express or implied, to pay by a provision of her will; but it is substantially an action upon a *quantum meruit* for the value in money of the services rendered. Nothing is said in the account sued on about its becoming due at the death of Miss Salina Sartor, or being payable then in legacy or devise. The precise point was ruled in *Hunter v. Hunter,* 3 Strob. 321, 'that the law will not imply a contract to pay for services rendered to the executrix by a legacy at her death; nor will such a contract be admitted in evidence to sustain a count in general *indebitatus assumpsit* for services rendered the testatrix.' This makes it unnecessary to consider the application of the statute of limitations, for, as no express contract to pay by will has been proved, or can be implied by law, there is nothing to prevent the statute from running as in an ordinary case." The quotation from *Hunter v. Hunter* as to the admissibility in evidence of a "contract" in an action *in quantum meruit* has been qualified by later decisions, as said above. See the citations in the subsequent discussion herein of the excep-

tions relating to the admission in evidence of similar testimony in the trial of the instant case.

The cited decisions from this court and those from North Carolina and Virginia, which reflect the rule that the statute of limitations applies to claims for services to a decedent which were rendered without agreement that payment should be made at death or by will appear to be out of line with many other courts, possibly the majority, but we do not think that we should in this case depart from our rule, under which the alleged services were rendered in this case. The right, if any, arose under that law and should be governed by it. Numerous cases are collected which illustrate the conflicting views in other jurisdictions in the annotation in 7 A. L. R. (2d) 198.

Appellants frame their fourth question in the brief as follows: "Should the jury have been permitted to consider whether the devise to the plaintiff was partial compensation for services rendered for the testatrix."

During argument and interchange by and between counsel and court on this subject the judge plainly indicated his intention to instruct the jury that they should deduct the value of the devise to respondent from any sum she should be entitled to by way of *quantum meruit* for services, and there was no appeal from it. He said at one point: "I am rather inclined to think, gentlemen, that they will have to take into consideration what she receives under the will, as to whether or not that would be adequate compensation. In other words, there was no legal obligation on the part of this deceased to leave her anything under the will." And at another: 'I can't get it out of my mind, just the general principle of law that there is no obligation on Miss Hettie to have left her anything, I mean, by way of devise." At the conclusion of the brief general charge the court considered the respective requests and charged, modified or refused them, respectively. Respondent's second was: "No. 2. 'I charge you that the fact that a deceased may have previ-

ously made presents of money or left a claimant property by Will, will not relieve the deceased of her obligation to reasonably compensate a claimant for her services, unless such Will states that the property left was to be full compensation for such services.' That is a correct principle of law, as amended, Gentlemen."

Appellants' seventh request was at a later stage also given, as follows:

"No. 7. If you find that the plaintiff did perform services for her aunt for which she was not compensated during her lifetime, you may take into consideration the provisions made in the Will of Miss Hettie Evans and the value of the provisions made therein for the plaintiff. In this connection I charge you that you may consider on the question of the value of the life estate given to the plaintiff in the Will the provisions of our law which show that the expectancy of a person of Mrs. McConnell's age is about sixteen years."

Manifest inconsistency was occasioned by the last clause of respondent's request, viz.: "unless such will states that the property left was to be in full compensation for such services." The will, which was in evidence, contained no such statement. No authority for this important qualification of the general rule of offset in such cases, which it was the patent intention of the court to follow, has been cited and we know of none. It was error to adopt it, apparently inadvertently from respondent's request. (Confusion is further shown by the statement in the order refusing judgment *non obstante* and new trial to the effect that the jury had been instructed to offset benefits received by respondent and her family or, quoting, "which she had obtained under the will." And there was further reference in the order to the amount, quoting, "still due and owing.") The rule was stated in *Hunter v. Hunter, supra,* 3 Strob. 321. Reason militates against the qualification, especially in the interest of the obligee whose right to recover *in quantum meruit* the reasonable value of his or her services

should not in fairness be controlled by a testamentary recital affecting the value, in the absence of an election. Cf. *Sherwood v. McLaurin*, 103 S. C. 370, 88 S. E. 363.

Next for consideration are imputed errors in the admission of evidence. They are concerned with the reception over objection of the testimony of declarations by decedent, which is briefed hereinabove. The court did not err in the admission of this testimony, under the later decisions of this court. Reference need only be had to *Wessinger v. Roberts*, 67 S. C. 240, 45 S. E. 169, and *Riddle v. George, supra*, 181 S. C. 360, 187 S. E. 524, and the cases there cited, to show the competency of this evidence even *in quantum meruit,* as here.

The last point of appellants relates to the alleged excessiveness of the verdict. It was found by the jury in erroneous contemplation of about twenty-four years service, as has been seen, and without clearly accurate instructions with respect to the applicability as offset of respondent's benefits under the will. However, this ground of appeal has become irrelevant in view of the necessity for new trial and need not be further considered.

Reversed and remanded for new trial.

BAKER, C. J., and FISHBURNE and OXNER, JJ., concur.

TAYLOR, J., concurs in result.