1451

Realtor Daniel BATTEN, Batten & Tarrant, Respondents v. Realtor Allen HOWELL, Howell & Associates, Appellants.

(389 S. E. (2d) 170)

Court of Appeals

*G. Trenholm Walker*, of *Wise & Cole*, Charleston, *for appellants.*

*Gedney M. Howe, III* and *Donald H. Howe*, Charleston, *for respondents.*

Heard Dec. 4, 1989.

Decided Feb. 5, 1990.

SANDERS, Chief Judge:

Both parties are "realtors." [1] Appellant Realtor Allen Howell, Howell & Associates and respondent Realtor Daniel Batten, Batten & Tarrant became involved in a dispute over whether Realtor Howell owed Realtor Batten a real estate commission in connection with the sale of a certain parcel of land. As members of the Charleston Trident Board of Realtors, they had previously agreed to submit to arbitration by the Board "all business disputes arising out of the real estate business." Accordingly, they submitted the dispute to arbitration by the Board. They specifically agreed "to abide absolutely by the award and findings of the Panel of Arbitrators." After a hearing in which the parties were given an opportunity to testify, present evidence and cross exam-

---

[1] According to a recent letter to the editor of *The National Law Journal*, "the terms 'Realtor' and 'Realtors' are collective membership marks owned by the National Association of Realtors and registered with the U. S. Patent and Trademark Office." The author of the letter, published in the December 11, 1989, edition of the journal, was Michael F. Thiel, Junior Associate Counsel, National Association of Realtors. It appears from the record in the instant case that at least some Realtors use the term Realtor as a title, like "Doctor" (*e.g.,* a letter from the Charleston Trident Board of Realtors begins with the salutation "Dear REALTOR Howell....."). The parties use the term this way in captioning the case. In deference to them, we use it this way throughout the opinion.

ine witnesses, the arbitrators resolved the dispute in favor of Realtor Batten, awarding him a commission in the amount of $10,000. Realtor Howell appealed the award to the Board, which denied the appeal. Realtor Howell moved before the Circuit Court for an order vacating the award pursuant to Section 15-48-130 of the Code of Laws of South Carolina, as amended, 1976. Realtor Batten moved before the Court for an order enforcing the award. The Court denied the motion of Realtor Howell and granted the motion of Realtor Batten. We affirm.

The policy favoring the arbitration of disputes is well established in South Carolina. *Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S. C. 98, 333 S. E. (2d) 781 (1985). "The fundamental premise upon which this policy is grounded is the laudable goal of providing 'a relatively quick and inexpensive resolution of contractual disputes by avoiding the expense and delay of extended court proceedings.'" *Id.* at 104, 333 S. E. (2d) at 785 (citation omitted). Generally speaking, an arbitration award is conclusive and courts will refuse to review the merits of an award. *Id.*, 286 S. C. 98, 333 S. E. (2d) 781. "Otherwise an arbitration award would signify 'the *commencement*, not the end, of litigation.'" *Id.* at 111, 333 S. E. (2d) at 789 (emphasis in the original) (citation omitted).[2]

Realtor Howell argues that there is no legal or factual basis for the award and, therefore, "the arbitrators exceeded their powers."

---

[2] Many people seem to have lost sight of the fact that arbitration is supposed to be an alternative, not an adjunct, to litigation in court. The judicial model of dispute resolution appears to be too ingrained in the American culture to be readily abandoned. Every alternative to resolving disputes outside the judicial system seems eventually to take on all the characteristics of a court. Hearings become trials, where technical rules of evidence are strictly adhered to and formal procedures rigidly followed. Hearing examiners become "Administrative Law Judges." Commissioners become "Magistrates." Referees in bankruptcy become "Bankruptcy Judges." Decisions of arbitrators are taken to court for judges to render "second opinions." It would appear that, despite their protestations to the contrary, the American people actually like to go to court. Higginbotham, *Bureaucracy—The Carcinoma of the Federal Judiciary*, 31 Ala. L. Rev. 261 (1980).

Among the statutory grounds for vacating an arbitration award is where "[t]he arbitrators exceeded their powers." Section 15-48-130(a)(3). The argument of Realtor Howell tracks the language of the statute. His reliance on the statutory language is, nevertheless, misplaced. The question of whether arbitrators have exceeded their powers relates to arbitrability of the issue they have attemped to resolve. Arbitrators exceed their powers when they attempt to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement. Conversely, if an issue resolved by arbitrators is within the scope of the arbitration agreement, the statutory language does not require the Court to review the merits of their decision. *Id.*, 286 S. C. 98, 333 S. E. (2d) 781.

At the beginning of the hearing, the Chairperson stated, without objection, the issue the parties had agreed to present for arbitration: "This hearing is to arbitrate a business dispute arising out of a real estate business in accordance with the request of realtor Dan Batten, that his company be awarded a commission of $13,000 on the sale of 1.14 acres." [3] The subsequent decision of the arbitrators resolves precisely this issue. Thus, the issue resolved by the arbitrators is clearly within the scope of the agreement of the parties. Realtor Howell is attempting to relitigate the merits of their decision. This is not proper. Even assuming they are guilty of factual and legal errors, this would not constitute an abuse of their powers under Section 15-48-130(a)(3).

Realtor Howell argues further that the award was arbitrary and capricious and, therefore, enforcement would deprive him of his constitutional right to due process. The essence of his argument is that "judicial deference to arbitration awards does not require a court to turn its head where the award under scrutiny has no factual or legal basis."

Decisions of courts in other jurisdictions have vacated arbitration awards where there has been "a manifest disregard or perverse misconstruction of the law." *Id.* at 108,

---

[3] Realtor Batten initially claimed he was entitled to a commission in the amount of 13,000, but he later reduced his claim to $10,000, the amount of the award.

333 S. E. (2d) 787. However, decisions recognizing this non-statutory ground for vacating arbitration awards have required "something beyond and different from a mere error of law or failure on the part of arbitrators to understand or apply the law." *Id.* at 108-109, 333 S. E. (2d) at 787 (citation omitted).

There is evidence that Realtor Howell sent Realtor Batten a brochure inviting him to sell the property and agreeing to pay him a real estate commission if he produced a buyer. There is also evidence that Realtor Batten brought a prospective buyer to the property and, although the offer made through Realtor Batten was rejected, the property was ultimately sold to the same prospective buyer. The arbitrators did not give reasons for their decision to award Realtor Batten a commission, but they are not required to do so. "[A]rbitrators need not specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are 'barely colorable.' " *Id.* at 111, 333 S. E. (2d) at 789 (citations omitted). If a ground for the award can be inferred from the facts, the award should be confirmed. *Id.*, 286 S. C. 98, 333 S. E. (2d) 781. There is clearly at lest an arguable ground for the award. Thus, the arbitrators are not guilty of the manifest disregard or perverse construction of the law required by the decisions.

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.