610 S.E.2d 850

**Walter WEIMER, Respondent,**

v.

**Ray JONES a/k/a Raymond Jones, Appellant.**

**No. 3960.**

Court of Appeals of South Carolina.

Heard Feb. 8, 2005.
Decided March 14, 2005.

Michael S. Seekings, of Charleston, for Appellant.

D. Peters Wilborn, Jr., Samuel H. Altman, and Armand Derfner, all of Charleston, for Respondent.

STILWELL, J.:

Ray Jones appeals a circuit court order confirming an arbitrator's award of $260,000 to Walter Weimer. Jones argues that by failing to apply the statute of limitations to Weimer's claim, the arbitrator exhibited a manifest disregard for the law. We affirm.

## BACKGROUND

Weimer brought this action against Jones, alleging claims for breach of contract and quantum meruit among others.

The claims involved trading of cars and car parts. The parties jointly moved to have the case submitted to binding arbitration. The arbitrator agreed with Jones that the applicable statute of limitation barred Weimer's breach of contract claim. Additionally, the arbitrator held part of Weimer's quantum meruit claim was barred by laches but that another part of the claim, concerning Weimer trading a Maserati and Lamborghini for a Bugatti that Jones was building, was not barred. On this claim, the arbitrator found for Weimer and awarded him $260,000. Following additional proceedings, the circuit court confirmed the award.

## DISCUSSION

"Arbitration is a favored method of settling disputes in South Carolina." *Pittman Mortgage Co. v. Edwards*, 327 S.C. 72, 75, 488 S.E.2d 335, 337 (1997). "Generally speaking, an arbitration award is conclusive and courts will refuse to review the merits of an award." *Batten v. Howell*, 300 S.C. 545, 547, 389 S.E.2d 170, 171 (Ct.App.1990). Judicial review of an arbitrator's award is thus limited. *Lauro v. Visnapuu*, 351 S.C. 507, 516, 570 S.E.2d 551, 555–56 (Ct.App.2002). The Uniform Arbitration Act provides statutory grounds for vacating, modifying, or correcting an arbitrator's award. S.C Code Ann. § 15–48–130 (2005) (providing grounds for vacating arbitrator's award); S.C.Code Ann. § 15–48–140 (2005) (providing grounds for modification or correction of arbitrator's award). Absent one of these grounds, an arbitration award will be vacated only on the non-statutory ground of "manifest disregard or perverse misconstruction of the law." *Lauro*, 351 S.C. at 516, 570 S.E.2d at 556. "[M]anifest disregard of the law occurs when the arbitrator knew of a *governing* legal principle yet refused to apply it, *and* the law disregarded was well defined, explicit, and clearly applicable to the case." *Bazzle v. Green Tree Fin. Corp.*, 351 S.C. 244, 268, 569 S.E.2d 349, 361 (2002), *vacated and remanded on other grounds*, 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003).

In this case, Jones does not assert any of the statutory grounds for setting aside or altering the arbitrator's award. Instead, he asserts the arbitrator displayed a manifest disregard for the law. Jones contends Weimer's quantum meruit

claim cannot survive because it is based on an express contract. He cites *Swanson v. Stratos,* 350 S.C. 116, 564 S.E.2d 117 (Ct.App.2002), for the proposition that a plaintiff cannot recover under quantum meruit where the claim is based on an express contract that has not been abandoned or rescinded. However, the arbitrator, in addition to finding the statute of limitations action for any contract action had run, also concluded the purported written contract lacking in elements and details. Because the arbitrator did not find the parties ever had a valid express contract, we conclude his consideration of the alternative claim of quantum meruit did not constitute a manifest disregard of the law.

■ Jones also argues because Weimer's contract action is barred by the statute of limitations, his quantum meruit claim emanating from the contract is also barred by the statute of limitations. Jones cites to this court as he did to the arbitrator, *McConnell v. Crocker,* 217 S.C. 334, 60 S.E.2d 673 (1950), for the proposition that the statute of limitations applies to quantum meruit claims. In response, Weimer cites to a more recent case, *Anderson v. Purvis,* 220 S.C. 259, 262, 67 S.E.2d 80, 81 (1951), in which our supreme court considered *McConnell,* stated it involved an action at law, and noted a statute of limitations did not bar the equitable action of quantum meruit. The parties' vigorous debate regarding which defense is proper demonstrates the arbitrator did not disregard well-defined, explicit, and clearly applicable law in rendering his decision. Jones simply fails to show the arbitrator knew the applicable law and chose to disregard it.

Because Jones has not shown the arbitrator's award reflected a manifest disregard or perverse misconstruction of the law, we are constrained by the applicable standard of review to affirm.

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.