PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Deborah Coon and Michael L. Coon, Respondents,
 
 
 

v.

 
 
 
 Renaissance on Charleston Harbor, LLC, Appellant.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-In-Equity

Unpublished Opinion No. 2006-UP-367
Heard October 11, 2006  Filed October 26, 2006

REVERSED

 
 
 
 Henry W. Brown and John W. Davidson, both of Columbia, for Appellant.  
 Joseph Kevin Qualey and Michael S. Seekings, both of Charleston, for Respondents.
 
 
 

PER CURIAM:  Deborah and Michael L. Coon filed a motion to vacate an arbitration award.  The circuit court vacated the award and ordered the parties to submit to a new arbitration proceeding.  Renaissance on Charleston Harbor, LLC, appeals.  We reverse.
FACTS
The Coons entered into a contract to purchase two condominium units from Renaissance.[1]  The contract contained a time is of the essence clause that provided:  It is expressly understood and agreed that TIME IS OF THE ESSENCE as to all obligations hereunder . . . .  The contract also included a cure provision as follows:

 If the Company defaults in the performance of any of the Companys obligations as set forth in this Agreement and such default is not cured within 90 days after written notice of default is given by the Purchaser to the Company, the Purchaser will be entitled to rescind this Agreement and receive the immediate return of the Purchasers earnest money deposit, as well as pursue any and all other remedies available at law or in equity; provided however, that in the event of the nonmaterial breach of any term or condition of this Agreement, the Purchasers remedies will not include termination of this Agreement.  

The contract provided for binding arbitration of disputes arising under the agreement.  
The Coons signed the contract on May 22, 2000.  The contract provided for completion of the units within 24 months of the execution of the contract by the purchaser.  The Coons paid $109,000 in earnest money.  
Deborah Coon did a walk-through of the units in April of 2002 with an architect and the Renaissance realtor, Keith McCann.  During the walk-through, Coon complained about a wavy wall and a spongy floor in one of the units.  Nevertheless, certificates of occupancy for both units were issued on April 24, 2002.  
Although it is unclear from the record the date the closing was originally scheduled to be held, it appears it was ultimately scheduled for June 25, 2002.  At the appointed time, the Coons again complained of the wall and floor in one of the units.  They refused to close, allegedly based on the advice of their banker and mortgage broker.  Coon admitted McCann kept in touch with her throughout the day about repairs and opined the problems could be fixed within twenty-four hours.  The following day, McCann informed Coon that if the Coons refused to close within twenty-four hours, Renaissance would consider it a breach of the contract.  The Coons refused to close, and Renaissance refused to return the earnest money.
The Coons filed an action for breach of contract, conversion, and unfair trade practices.  Pursuant to the terms of the contract, the action was heard by an arbitrator.  The arbitrator found the units were substantially complete, based in part on the issuance of the certificates of occupancy and the fact that the objections of the [Coons] were addressed within two days.  The arbitrator concluded the problems in the unit were nothing more than punch list items which [Renaissance] was entitled to take care of without the [Coons] walking out on the contract.  The arbitrator concluded that although the Coons would normally be entitled to rescind the contract under the time is of the essence clause, the inclusion of a cure provision entitled Renaissance to correct the units, and Renaissance in fact promptly moved to do so.  The arbitrator accordingly denied the Coons relief and awarded attorneys fees, costs, and arbitrator fees to Renaissance.  In a subsequent award, the arbitrator revised the attorneys fee award in accordance with the applicable contract provision, awarding costs of $1,553.47, attorneys fees of $31,818, and the arbitrator fee of $6,140.  In a third award, the arbitrator corrected the captions on the previous awards from Order to Award.  
The Coons moved to vacate the arbitrators award on three grounds:  1) the arbitrator erred by not finding the time is of the essence clause dispositive; 2) the arbitrators award was procured by undue means due to inappropriate comments in closing arguments before the arbitrator; and 3) the arbitrator erred by failing to limit fees and costs pursuant to the contract and under equitable principles because Renaissance was able to sell the units at a greater price than the price set in the contract.  
The circuit court found the arbitrators failure to adhere strictly to the time is of the essence clause constituted a manifest disregard of the law.  The court also concluded the arbitrators award was procured by undue means based on Renaissances arguments that were designed to invoke passion and prejudice, and which were inflammatory in nature.  Finally, the court found the award of costs and fees was unjust based on the provision in the contract limiting fees to the arbitration proceeding.  The court found the arbitration proceeding lasted only two days, and fees should accordingly be limited to that time frame.  The court finally ordered the parties to submit to a new arbitration proceeding, and costs and fees at that proceeding were to be awarded pursuant to the courts interpretation of the applicable provision in the contract.  
STANDARD OF REVIEW
          Arbitration is a favored method of settling disputes in South Carolina.  Pittman Mortgage Co. v. Edwards, 327 S.C. 72, 75, 488 S.E.2d 335, 337 (1997).  Generally speaking, an arbitration award is conclusive and courts will refuse to review the merits of an award.  Batten v. Howell, 300 S.C. 545, 547, 389 S.E.2d 170, 171 (Ct. App. 1990).  A court reviewing an arbitration award is therefore very limited in its scope of review.  Weimer v. Jones, 364 S.C. 78, 80, 610 S.E.2d 850, 852 (Ct. App. 2005).  
LAW/ANALYSIS
Time is of the Essence Clause
Renaissance argues the circuit court erred in finding the arbitrator manifestly disregarded the law by considering the cure provision and not strictly adhering to the time is of the essence provision.  We find no manifest disregard of the law.  
The Uniform Arbitration Act provides statutory grounds for vacating, modifying, or correcting an arbitrators award.  S.C. Code Ann. § 15-48-130 (2005) (providing grounds for vacating arbitrators award); S.C. Code Ann. § 15-48-140 (2005) (providing grounds for modification or correction of arbitrators award).  Absent one of these grounds, an arbitration award will be vacated only on the non-statutory ground of manifest disregard or perverse misconstruction of the law.  Batten, 300 S.C. at 548, 389 S.E.2d at 172.  
[M]anifest disregard of the law occurs when the arbitrator knew of a governing legal principle yet refused to apply it, and the law disregarded was well defined, explicit, and clearly applicable to the case.  Bazzle v. Green Tree Fin. Corp., 351 S.C. 244, 268, 569 S.E.2d 349, 361 (2002), vacated on other grounds, 539 U.S. 444 (2003).  To vacate an award for manifest disregard of the law requires more than a mere error in construing or applying the law.  Trident Technical Coll. v. Lucas & Stubbs, Ltd., 286 S.C. 98, 108, 333 S.E.2d 781, 787 (1985).  Even the clearly erroneous interpretation of [a] contract cannot be disturbed.  Id.  It is exceedingly rare, requiring circumstances far more egregious than mere errors in interpreting or applying the law to vacate an arbitration award on the ground of manifest disregard of the law.  Id.  As long as there is at least an arguable ground for an award, an arbitrator has not manifestly disregarded the law.  Batten, 300 S.C. at 549, 389 S.E.2d at 172. 
In this case, the arbitrator recognized the time is of the essence provision in the contract.  However, the arbitrator also applied the cure provision in the contract, finding that although Renaissance failed to complete one of the two units within the time set by the contract, the cure provision in the contract permitted Renaissance additional completion time.  There is at a minimum an arguable ground the arbitrator could interpret the contract in this manner.  See De Vore v. Piedmont Ins. Co., 144 S.C. 417, 430, 142 S.E. 593, 597 (1928) (Cothran, J., dissenting) (stating contradictory provisions in a contract must be harmonized); 17A Am.Jur.2d Contracts § 485 (1991) (providing an express provision making time of the essence may be either expressly or impliedly waived).  Accordingly, we reverse the circuit courts finding that the arbitrator manifestly disregarded the law in the interpretation of the contract.
Closing Argument
Renaissance also argues the circuit court erred in finding the arbitrators award was procured by undue means due to Renaissance counsels comments during closing arguments before the arbitrator.  We agree.
During closing arguments, the following was stated before the arbitrator:  
Renaissance counsel:

 These are sophisticated business people.  I do not know why they would seek to attend a closing and find the fault which they found, which we believe is unjustified.  Under the contract its unjustified.  We have two of their witness - - three of the witnesses, the three principal witnesses whose credibility I call into issue.
 And if the record that was made by them under oath today were brought to a grand jury and a solicitor -  

The Coons counsel:

 Wait a second.  This is inappropriate.

The Arbitrator:

 I think it goes beyond - I think your argument goes beyond - 

Renaissance counsel:

 At any rate, the credibility, I wanted to make a point - 

The Arbitrator:

 The credibility is definitely an arguable point.

Renaissance counsel continued the closing argument, commenting on the bankers testimony regarding her advice to the Coons, which differed from the Coons testimony of the bankers advice to them.  
          Based on Renaissance counsels comments, the circuit court found the arbitrators award was procured through undue means and in violation of S.C. Code Ann. 15-48-130 (a)(1).  Section 15-48-130 provides the statutory grounds for vacating an arbitration award:  

 (a)     Upon application of a party, the court shall vacate an award where:
 (1)     The award was procured by corruption, fraud or other undue means;
 (2)     There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
 (3)     The arbitrators exceeded their powers;
 (4)     The arbitrators refused to postpone the hearing . . .; or
 (5)     There was no arbitration agreement . . .;
 But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

S.C. Code Ann. § 15-48-130 (a) (2005). 
We find the comments did not rise to the level necessary to vacate an arbitration award based on its procurement by undue means.  See Trident, 286 S.C. at 108, 333 S.E.2d at 787 (construing the phrase corruption, fraud, or undue means under the Federal Arbitration Act to proscribe affirmative misconduct by the parties, such as perjury or subornation of perjury.); see also General Constr. Co. v. Hering Realty Co., 201 F.Supp. 487, 491 (D.S.C. 1962) (finding a party must make it abundantly clear that an award was obtained through undue means).  
Attorneys Fees
Finally, Renaissance argues the circuit court erred in finding the award of attorneys fees unjust based upon its own review of the contract.  The circuit court concluded the contract provision for attorneys fees limited the fees to the two days encompassing the arbitration itself.  We find the circuit court erred in reviewing the merits of the arbitrators award.  As previously noted, a court may not review the merits of an arbitration award but may vacate based only upon the statutory grounds available or on the ground of manifest disregard or perverse misconstruction of the law.  Batten, 300 S.C. at 547-48, 389 S.E.2d at 171-72.  The circuit court made no finding to vacate the award of attorneys fees on any of these grounds.  
In any event, we find no statutory ground to vacate the award.  Nor do we find manifest disregard of the law in the arbitrators award of fees.  The contract provision provided for attorneys fees, in pertinent part:

 Unless otherwise deemed appropriate by the arbitrator(s), the prevailing party shall be entitled to an award of all reasonable out-of-pocket costs and expenses (including attorneys and arbitrators fees) related to the entire arbitration proceeding (including review if applicable.).

The arbitrator categorized the litigation into five phases:

 Phase One  Before litigationJuly 26, 2002September 24, 2003.
 Phase Two  Beginning of lawsuit through mediationSeptember 24, 2003December 9, 2003.
 Phase Three  Mediation through arbitrationDecember 9, 2003May 29, 2004.
 Phase Four  The Arbitration HearingMay 20-28, 2004.
 Phase Five  Post Arbitration through current date, May 22, 2004July 7, 2004.

Renaissance claimed fees for phases three ($17,572.50), four ($7,370), and five ($6,875.50) for a total claim of $31,818.  The arbitrator awarded costs from July 8, 2004 of $1,553.47, attorneys fees of $31,818, and the arbitrator fee of $6,140.  We find no legal basis to vacate the award.
We therefore reverse the order under appeal and reinstate the arbitration award.  
REVERSED.  
HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1] There was a separate contract for each condominium unit but the parties treated, and agreed at oral argument to continue to treat, the contracts as one.