THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Osborne
 Electric, Inc., Respondent,
 v.
 KCC Contractor,
 Inc., John Q. Hammons Hotels, LP., John Q. Hammons Revocable Trust, City of
 North Charleston, and Metropolitan National Bank, Defendants,
 of whom KCC
 Contractor, Inc. is the Appellant.
 
 
 

Appeal From Charleston County
  R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2008-UP-296
 Submitted June 2, 2008  Filed June 5,
2008    

AFFIRMED

 
 
 
 Stephen L. Brown, Joseph E. DaPore, Russell G. Hines, of Charleston, for Appellant.
 Andrew K. Epting, Jr., of Charleston, for Respondent.
 
 
 

PER CURIAM:  KCC
 Contractor Inc. appeals the circuit courts order affirming an arbitration
 award.  We affirm.[1]  
FACTUAL/PROCEDURAL BACKGROUND
KCC was the general contractor for the construction of the All
 Suites Hotel on property leased by John Q. Hammons Revocable Trust from the
 City of North Charleston.  Osborne Electric entered into a subcontract
 agreement with KCC to provide the electrical work on the project.  After a
 disagreement arose between the parties, Osborne filed a notice and certificate
 of mechanics lien stating the value of the labor and materials furnished was
 $253,630.82.  It subsequently filed an action to foreclose the mechanics
 lien.  Osborne also asserted claims for breach of contract and quasi-contract. 
 KCC answered and counterclaimed for breach of contract and negligence.  The
 matter was sent to arbitration.  
The
 arbitrator held Osborne was entitled to $165,406.81 for its contract balances
 including change orders after reduction for the appropriate back charges in
 favor of KCC.  Finding Osborne the prevailing party, the arbitrator also
 awarded Osborne $22,521.20 in pre-judgment interest and attorneys fees and
 costs in the amount of $57,592.93.  
KCC
 filed an application for a change of arbitration award alleging an evident
 miscalculation of figures or an evident mistake in the description of any
 person, thing or property referred to in the award and/or the award is
 imperfect in a matter of form not affecting the merits of the controversy.  It
 asserted that inherent in the arbitrators ruling that KCC was entitled to a
 credit for appropriate back charges was a finding that Osborne breached the
 subcontract agreement.  Thus, KCC claimed, it was entitled to recover
 attorneys fees and expenses pursuant to the subcontract agreement.  
The
 arbitrator held there was no miscalculation or mistake in the award and that
 KCC was simply rearguing its claim that it was entitled to attorneys fees
 based on the contract, which was denied in the arbitration award.  The
 arbitrator thus denied the application for a change of arbitration award.  
KCC
 filed in circuit court a motion for modification or correction of arbitration
 award while Osborne filed a motion seeking to have the arbitration award
 affirmed.  The circuit court affirmed the arbitration award.  This appeal
 followed.  
LAW/ANALYSIS
KCC
 argues the circuit erred by confirming the arbitrators award and failing to
 grant KCCs motion to modify or vacate the award.  We disagree.  
As a general rule, an arbitration award is conclusive and courts
 will refuse to review the merits of an award.  Batten v. Howell, 300
 S.C. 545, 547, 389 S.E.2d 170, 171 (Ct. App. 1990).  Review of an arbitration
 award is limited and the decision of the arbitrator will be vacated only under
 certain grounds as provided by statute, or upon the non-statutory ground of
 manifest disregard or perverse misconstruction of the law.  Lauro v.
 Visnapuu, 351 S.C. 507, 516, 570 S.E.2d 551, 556 (Ct. App. 2002).  
KCC seeks modification of the arbitration award on the following
 statutory grounds:

 (1) There was an evident miscalculation of figures or an evident
 mistake in the description of any person, thing or property referred to in the
 award;
 . . .
 (3) The award is imperfect in a matter of form, not affecting the
 merits of the controversy.

S.C. Code Ann.§
 15-48-140 (a) (2005).  
KCC
 argues that under the subcontract agreement, it was entitled to attorneys
 fees.  The agreement provided KCC could recover attorneys fees and expenses
 incurred in the prosecution or defense of any action or suit by reason of any
 other breach or failure by [Osborne].  KCC asserts the arbitrators award of
 back charges in favor of KCC established Osborne breached the subcontract
 agreement by failing to perform its obligations under that agreement.  Thus,
 because of the arbitrators refusal to award attorneys fees, the award
 contains an error in the calculation of the amount owed to Osborne and is
 imperfect in its form.  
We find
 this courts opinion in Lauro v. Visnapuu instructive for the present
 case.  In Lauro the circuit court modified the arbitrators award
 finding the arbitrators failure to award Lauro the difference between the full
 maximum sum of the contract and the amount Visnapuus paid was a
 miscalculation.  Lauro, 351 S.C. at 517, 570 S.E.2d at 556.  This
 court noted that the arbitrator had repeatedly expressed that he had not
 overlooked the matter, but had simply concluded that Lauro was not entitled to
 the difference between the original contract sum and the amount paid, because
 Lauro had not completed the contract.  Id.
We explained:

 Even if the arbitrators decision in this regard were erroneous,
 it does not constitute an evident miscalculation of figures as envisioned under
 § 15-48-140. That is, the arbitrator did not commit a mathematical error in
 computing the total amount of the award. Rather, the arbitrator consciously
 declined to award Lauro the full amount of the contract.

Lauro, 351 S.C. at 517, 570 S.E.2d at 556.
Similarly, in the order denying KCCs application for a change in
 the arbitration award, the arbitrator emphasized that he had not made a
 miscalculation or mistake in the original arbitration award.  He clarified,
 The credit provided to KCC in the Award was for various items including
 credits agreed to by the parties and work not performed by Osborne after KCCs material breach of the Agreement.  KCCs failure to pay Osborne is the
 reason that KCC incurred legal fees defending the mechanics lien action, not
 because of any breach or failure by Osborne.  (Emphasis added).  
The arbitrator never found Osborne had breached the subcontractor
 agreement or failed to perform its obligations under that agreement other than
 due to KCCs breach.  The arbitrators refusal to award attorneys fees was not
 a miscalculation of figures as provided in section 15-48-140 (a) (1).  Rather
 it was based on his determination that KCC was not entitled to attorneys fees
 under the agreement.  Similarly, section 14-48-140 (a) (3) is inapplicable to
 grant KCC the relief it seeks.  This section allows modification when the award
 is imperfect in a matter of form, not affecting the merits of the
 controversy.  (Emphasis added).  The arbitrators decision that KCC was not
 entitled to attorneys fees clearly involves the merits of the controversy.  
We find
 the circuit court did not err in affirming the arbitration award.  Accordingly,
 the order of the circuit court is 
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument
pursuant to Rule 215, SCACR.